[Cite as *Wells Fargo Bank, N.A. v. Roehrenbeck*, 2013-Ohio-5498.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| WELLS FARGO BANK, N.A. | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13 CA 29 |
| MARY K. ROEHRENBECK | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                  Pleas, Case No.  12 CV 0779


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           December 13, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

SCOTT A. KING                             MARY K. ROEHRENBECK
THOMPSON HINE LLP                         PRO SE
10050 Innovation Drive, Suite 400         264 Isaac Tharp Street
Miamisburg, Ohio  45401                   Pataskala, Ohio  43062

TERRANCE A. MEBANE
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio  43215

*Wise, J.*

{¶1} Defendant-Appellant Mary K. Roehrenbeck appeals the judgment of the Licking County Court of Common Pleas granting Plaintiff-Appellee Wells Fargo Bank, NA's motion for summary judgment.

<u>STATEMENT OF THE CASE AND FACTS</u>

{¶2} The facts in this case are as follows:

{¶3} On October 24, 2006, Appellant Mary K. Roehrenbeck executed a promissory note (the "Note") in the principal amount of $217,183.00, plus interest at the rate of 5.5% per year, payable to Beazer Mortgage Corporation ("Beazer Mortgage"). Beazer Mortgage specially indorsed the Note to American Brokers Conduit ("American Brokers"), who specially indorsed it to Wells Fargo, who indorsed it in blank. Wells Fargo has had possession of the original Note since 2006.

{¶4} On October 24, 2006, to secure payment of the Note, Appellant Roehrenbeck also executed an open-end mortgage against the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Beazer Mortgage, its successors and assigns.

{¶5} On March 7, 2012, MERS executed a notice of Assignment of Mortgage to Wells Fargo.

{¶6} On June 6, 2012, Wells Fargo commenced this action to recover the balance due on the Note and to foreclose the Mortgage.

{¶7} On July 6, 2012, Appellant Roehrenbeck filed an untimely answer.

{¶8} On July 10, 2012, Wells Fargo filed a motion for default judgment.

{¶9} On July 12, 2012, the trial court granted a judgment in favor of Wells Fargo.

{¶10} On August 6, 2012, Appellant Roehrenbeck filed a notice of appeal to this Court, Case No. 2012 CA 00068.

{¶11} On August 20, 2012, the parties filed a joint motion to dismiss the appeal.

{¶12} On September 4, 2012, this Court entered an agreed order dismissing the appeal.

{¶13} On September 13, 2012, Appellant Roehrenbeck filed a motion for leave to file an amended Answer.

{¶14} On September 17, 2012, the trial court issued an Order vacating the judgment.

{¶15} On October 24, 2012, the trial court held a hearing on Appellant Roehrenbeck's motion for leave. That same day, the trial court issued an Entry granting Appellant Roehrenbeck leave to file an amended answer.

{¶16} On November 13, 2012, Appellant Roehrenbeck filed her Amended Answer and Counterclaim. The Counterclaim alleges that in January, 2007, Wells Fargo began sending requests to Appellant with knowledge that it was not the "owner" of the Note when it attempted to collect those payments. Appellant claims that Wells Fargo misled her into believing that it was entitled to do so, which allegedly violated a fiduciary duty that she claims Wells Fargo owed to her. The basis of the Counterclaim is that Wells Fargo began collecting payments prior to MERS executing the notice of Assignment of Mortgage, and that this was fraudulent. The Counterclaim asserts two claims: (1) fraud; and (2) punitive damages.

**{¶17}** On December 12, 2012, Wells Fargo filed a Motion to Dismiss the Counterclaim.

**{¶18}** On January 7, 2013, Appellant Roehrenbeck filed her "Objection to Motion to Dismiss."

**{¶19}** On January 14, 2013, the trial court issued a Judgment Entry, finding that Wells Fargo's Motion "presents matters outside the pleadings," stating that the court would treat the Motion as one for summary judgment, and instructing Wells Fargo to file a supplemental memorandum and any Rule 56 evidence.

**{¶20}** On February 15, 2013, Wells Fargo filed a motion for extension of time to file its supplemental memorandum.

**{¶21}** On February 28, 2013, Wells Fargo filed a Supplemental Memorandum.

**{¶22}** On March 11, 2013, Appellant Roehrenbeck filed a memorandum contra to the Supplemental Memorandum.

**{¶23}** On March 12, 2013, the trial Court issued a Memorandum of Decision, and on March 21, 2013, a Judgment Entry, dismissing the Counterclaim. The Judgment Entry also granted Wells Fargo 75 days to file a dispositive motion on the Complaint.

**{¶24}** Defendant-Appellant now appeals, assigning the following errors for review:

**{¶25}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT (SIC) TO PLAINTIFF, WELLS FARGO, WITHOUT ALLOWING DEFENDANT PROPER TIME TO FILE A MEMORANDUM CONTRA TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM.

{¶26} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT (SIC) TO PLAINTIFF, WELLS FARGO, WHEN THE BASIS OF PLAINTIFF'S REASONING WAS INCORRECTLY FOCUSED ON UCC ARTICLE 3, FOR NEGOTIABLE INSTRUMENTS, INSTEAD OF UCC ARTICLE 9, FOR SECURITY INSTRUMENTS, AS A MATTER OF LAW.

{¶27} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT (SIC) TO PLAINTIFF, WELLS FARGO, WHEN THE AFFIDAVIT PROVIDED DID NOT STATE A VALID DATE AS TO WHEN THE NOTE WAS TRANSFERRED OR ASSIGNED TO PLAINTIFF

{¶28} "IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT (SIC) TO PLAINTIFF, WELLS FARGO, BECAUSE REASONABLE MINDS CANNOT COME TO BUT ONE CONCLUSION."

{¶29} "Summary Judgment Standard"

{¶30} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

{¶31} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that

reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

**{¶32}** Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

**{¶33}** It is based upon this standard that we review appellant's assignments of error.

I.

**{¶34}** In her First Assignment of Error, Appellant argues that the trial court erred in granting Plaintiff-Appellee an extension of time to file its supplemental memorandum in support of its motion without granting Defendant-Appellant an extension of time to respond.

{¶35} Upon review, we find that when the trial court converted Appellee's 12(B) motion to dismiss to a Civ.R. 56 motion for summary judgment, the trial court set the following briefing schedule:

{¶36} "Plaintiff shall file a supplemental motion and/or any Civ.R. 56 materials in support of its motion on or before February 15, 2013. Defendant shall file a memorandum contra and any supporting materials on or before March 1, 2013. Plaintiff may file a reply on or before March 8, 2013. A non-oral hearing shall be set for March 11, 2013." (See Judgment Entry, Jan. 14, 2013).

{¶37} The following day, February 15, 2013, Appellee moved the trial court for a fourteen (14) day extension of time to file its supplemental memorandum in support, which the trial court granted the same day.

{¶38} Appellee filed its supplemental memorandum on February 28, 2013, and Appellant filed her Memorandum Contra on March 11, 2013. The trial court did not issue its decision until March 12, 2013.

{¶39} As Appellant did not request additional time to respond and did, in fact, file a response in this matter prior to the trial court's ruling, we find Appellant's argument to be without merit.

{¶40} Appellant's First Assignment of Error is overruled.

II., III., IV.

{¶41} As Appellant's remaining three Assignments of Error challenge the trial court's decision granting Appellee's motion to dismiss/motion for summary judgment, we shall address them together.

{¶42} Appellant's counterclaim in this matter contained a claim for fraud, claiming that Wells Fargo fraudulently represented that it was the person entitled to collect under the Note. Appellant herein argues that Appellee's reliance on UCC Article 3 was misplaced and that the affidavit in support of its motion failed to provide the date of assignment of the note.

{¶43} Upon review, we find that the promissory note in question is a "negotiable instrument" as defined in R.C. 1303.03(A), which states:

{¶44} "(A) Except as provided in divisions (C) and (D) of this section, "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it meets all of the following requirements:

{¶45} "(1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

{¶46} "(2) It is payable on demand or at a definite time.

{¶47} "(3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, …"

{¶48} Ohio's version of the Uniform Commercial Code governs who may enforce a note. R.C. §1301.01 et seq. Article 3 of the UCC governs the creation, transfer and enforceability of negotiable instruments, including promissory notes secured by mortgages on real estate. *Fed. Land Bank of Louisville v. Taggart,* 31 Ohio St.3d 8, 10, 508 N.E.2d 152 (1987).[1]

---

[1] R.C. §1301.01 was repealed by Am.H.B. No. 9, 2011 Ohio Laws File 9, effective June 29, 2011. That act amended the provisions of R.C. §1301.01 and renumbered that section so that it now appears at R.C. 1301.201. Because R.C. §1301.201 only applies

**{¶49}** Under R.C. §1301.01, "holder" means either of the following: "(a) if the instrument is payable to bearer, a person who is in *possession* of the instrument; "(b) if the instrument is payable to an identified person, the identified person when in possession of the instrument."

**{¶50}** As set forth above, Appellant executed a promissory note payable to Beazer Mortgage, Beazer specially indorsed the Note to American Brokers Conduit, who specially indorsed it to Wells Fargo, who indorsed it in blank.[2] Wells Fargo has had possession of the original Note since 2006. Wells Fargo is therefore the holder of the Note which entitles it to enforce the Mortgage securing its repayment.

**{¶51}** Further, we find no requirement that indorsements on negotiable instruments be dated.

**{¶52}** Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of Appellee and dismissing Appellant's counterclaim in this matter.

---

to transactions entered on or after June 29, 2011, we apply R.C. §1301.01 to this appeal.

[2] R.C. 1303.25(B) states:  " 'Blank indorsement' means an instrument that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."

**{¶53}** Appellant's Second, Third and Fourth Assignments of Error are overruled.

**{¶54}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

JWW/d 1120

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

WELLS FARGO BANK, N.A.          :
                                  :
       Plaintiff-Appellee           :
                                  :
-vs-                                :           JUDGMENT ENTRY
                                  :
MARY K. ROEHRENBECK        :
                                  :
       Defendant-Appellant     :           Case No. 13 CA 29

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY