[Cite as *Everbank v. Katz*, 2014-Ohio-4080.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100603

---

## EVERBANK

PLAINTIFF-APPELLEE

vs.

## HERBERT R. KATZ, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-773366

**BEFORE:** Stewart, J., Blackmon, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**ATTORNEY FOR APPELLANTS**

J. Gary Seewald
1419 W. 9th Street, 3d Floor
Cleveland, OH    44113


**ATTORNEY FOR APPELLEE**

Gregory A. Stout
3962 Red Bank Road
Cincinnati, OH    45227

MELODY J. STEWART, J.:

{¶1} Plaintiff-appellee Everbank ("bank"), the holder of a promissory note issued by defendant-appellant Herbert Katz, brought this action for breach of contract on the note and foreclosure on the accompanying mortgage. A magistrate granted summary judgment to the bank, and the court approved that decision over Katz's objections. The three assigned errors on appeal collectively contest the bank's chain of title to the promissory note.

{¶2} The bank alleged that it was the holder of a promissory note in the amount of $200,000 executed in June 2006 by Katz; that Katz defaulted on the note; that the note was accelerated pursuant to its terms; and that Katz owed the sum of $187,489.04, plus interest. The original note was issued to AmericaHomeKey, Inc., and a mortgage was recorded by the Cuyahoga County Recorder. There are two allonges to the note: the first allonge shows that AmericaHomeKey, Inc. endorsed the note to Ohio Savings Bank; and the second allonge shows that the Federal Deposit Insurance Corporation ("FDIC"), as the receiver of AmTrust Bank (formerly known as Ohio Savings Bank), endorsed the note to Everbank.

{¶3} Katz argues that the affidavit the bank submitted in support of its motion for summary judgment with respect to a default on the note could not have been made with personal knowledge of the manner in which the bank obtained the note from the FDIC.

{¶4} When an affidavit is offered in support of a motion for summary judgment, Civ.R. 56(E) requires it to be made on "personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." The assistant vice president stated that she had personal knowledge of the facts stated in the affidavit, that she was familiar with the business records maintained by the bank, and that she had personally examined and independently verified those records. These statements were not controverted by other evidence, so they were enough to satisfy Civ.R. 56(E). *See Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 20.

{¶5} We also find that the bank business records used by the assistant vice president to determine that Katz had defaulted were excepted from the hearsay rule. Evid.R. 803(6) excludes records of regularly conducted activity from the hearsay rule if those records were made at or near the time by a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation. The assistant vice president's affidavit verified all of the prerequisites of Evid.R. 803(6), so the statement contained in her affidavit was not subject to exclusion on the grounds of being hearsay.

{¶6} The bank had to prove a chain of title to show that it validly obtained the note. It did so through the allonges. The allonges show a chain of title from

AmericaHomeKey, Inc. to Ohio Savings Bank/AmTrust to the FDIC to Everbank. Katz complains that there is no evidence to show how the FDIC obtained the note from AmTrust, but the second allonge makes that point clear — the FDIC obtained the note as "receiver of AmTrust Bank fka Ohio Savings Bank." Katz concedes in his appellate brief that "Ohio Savings aka AmTrust Bank eventually joined Lehman Brothers in bankruptcy court." Appellant's Brief at 6. The FDIC was named receiver of AmTrust assets. *See* https://www.fdic.gov/bank/individual/failed/amtrust.html (accessed Aug. 11, 2014). In that capacity, it had the authority to endorse the note to the bank under the powers granted to it by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. 1821(d)(2)(A)(i) (the FDIC "shall, as * * * receiver, and by operation of law, succeed to * * * all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, account holder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution"). Chain of title was established.

{¶7} It is of no consequence that the allonge was undated. The Uniform Commerical Code does not require endorsements on negotiable instruments to be dated. *Wells Fargo Bank, N.A. v. Roehrenbeck*, 5th Dist. Licking No. 13 CA 29, 2013-Ohio-5498, ¶ 15. In any event, the chain of endorsements is sequential, thus belying any argument that the chain of title for the note was broken.

{¶8} Katz also disputes the chain of title for the mortgage, arguing that the bank failed to prove how the Mortgage Electronic Registration Systems ("MERS"), as nominee

from AmericaHomeKey, obtained the mortgage. We have stated that "[i]t is settled in this appellate district that a mortgagor lacks standing to challenge the assignment of his mortgage directly if the mortgagor is neither a party to, nor a third-party beneficiary of, the assignment contract." *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17, citing *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35. In any event, even if Katz had standing to challenge the assignment, "MERS has authority to assign a mortgage when it is designated as both a nominee and mortgagee." *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 24, citing *BAC Home Loans Servicing, L.P. v. Haas*, 3d Dist. Marion No. 9-13-40, 2014-Ohio-438, ¶ 28. The mortgage provided both that MERS was nominee and mortgagee, so MERS had the authority to assign the mortgage.

**{¶9}** The assignments of error are overruled.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR