JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, General Motors Corporation, et al. ("GM"), appeal from the final entry of judgment following a jury verdict in favor of plaintiff-appellee, Charles A. Miller, in the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm.
 {¶ 2} Miller filed a claim against GM with the Bureau of Workers' Compensation in which he sought to participate in the Workers' Compensation Fund as a result of allegedly contracting asbestosis through his employment at GM. The Industrial Commission of Ohio denied Miller's claim. Miller appealed this decision by bringing suit against GM in the Cuyahoga County Court of Common Pleas on April 19, 2004. The case proceeded to a jury trial.
 {¶ 3} At trial, testimony of Miller's expert, Dr. Prasadarao Kondapalli, was introduced by videotape. Dr. Kondapalli prepared a report, dated March 16, 2002, in which he diagnosed Miller with asbestosis. This report was based on Dr. Kondapalli's examination of Miller, as well as his review of the reading of an August 2000 X-ray of Miller's chest by another doctor, Dr. Rao. At this point, Dr. Kondapalli had not personally reviewed an X-ray of Miller's chest. Dr. Kondapalli's initial examination of Miller consisted of an occupational history, a physical examination, and a pulmonary function test.
 {¶ 4} Miller did not call Dr. Rao at trial, nor did Miller introduce the August 2000 X-ray into evidence. Instead, Miller provided GM with a second report prepared by Dr. Kondapalli on November 1, 2005, less than two weeks before trial. In this report, Dr. Kondapalli again diagnosed Miller with asbestosis. This diagnosis was based on a second X-ray of Miller's chest, taken July 22, 2003, that Dr. Kondapalli had reviewed himself.
 {¶ 5} During Dr. Kondapalli's videotape deposition, GM's counsel made a continuing objection to any testimony regarding Miller's X-rays. GM renewed its objection at trial and sought to exclude the second report and any testimony derived from it because the report was not provided in compliance with Loc.R. 21 of the Cuyahoga County Court of Common Pleas. The trial court overruled the objection.
 {¶ 6} GM also objected to Miller's testimony at trial. GM sought to preclude Miller from testifying that he worked around and was exposed to asbestos at GM. The trial court overruled GM's objections. The trial court had also denied GM's motion in limine, which GM filed prior to trial seeking to exclude this testimony.
 {¶ 7} GM introduced videotape testimony of its experts, Dr. Richard Bacik and Dr. Jay Thompson. Both doctors opined that Miller did not suffer from asbestosis.
 {¶ 8} At the conclusion of trial, the jury returned a verdict in favor of Miller. On November 23, 2005, the trial court entered a final judgment in favor of Miller and found that Miller was entitled to participate in the Workers' Compensation Fund.
 {¶ 9} GM timely filed this appeal, raising two assignments of error for our review. GM's first assignment of error provides as follows:
 {¶ 10} "I. The trial court abused its discretion when it ignored Local Rule 21.1(B) and permitted the admission of a concededly untimely expert report that helped establish an essential element of Miller's case."
 {¶ 11} Local Rule 21.1(B) of the Cuyahoga County Court of Common Pleas provides in relevant part: "A party may not call a non-party expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. * * * [U]nless good cause is shown, all supplemental reports must be supplied no later than thirty (30) days prior to trial." This court has previously stated: "The primary purpose of Loc.R. 21 is to avoid prejudicial surprise resulting from noncompliance with the report requirement." Preston v. Kaiser (Nov. 8, 2001), Cuyahoga App. No. 78972, citing Reese v. Euclid CleaningContrs., Inc. (1995), 103 Ohio App.3d 141, 147. This court has further explained how to evaluate surprise:
"A court is not required to prohibit the witness testimony where there is no evidence appellant was prejudiced by the admission of the testimony. The determination of whether the testimony results in a surprise at trial is a matter left to the sound discretion of the trial court. In the absence of surprise, there is no abuse of discretion. This court has also found that when a complaining party knows the identity of the other party's expert, the subject of his expertise and the general nature of his testimony, a party cannot complain that they are ambushed."
Yaeger v. Fairview Gen. Hosp. (Mar. 11, 1999), Cuyahoga App. No. 72361 (internal citations and quotation marks omitted). The trial court has broad discretion to determine whether to exclude the testimony of a non-party expert and its determination will not be reversed absent an abuse of that discretion. See Paul v.Metrohealth St. Luke's Medical Ctr. (Oct. 22, 1998), Cuyahoga App. No. 71195.
 {¶ 12} In this case, GM argues that it was prejudiced by the untimely submission of the second expert report. GM states that since the original X-ray was not admitted at trial or actually reviewed by Dr. Kondapalli, it could not serve as the basis for his opinion. Therefore, GM states that in the absence of the second report, Dr. Kondapalli would not have been able to give an opinion that Miller had asbestosis and Miller's case would have failed.
 {¶ 13} Miller initially claims GM waived its argument regarding the testimony of Dr. Kondapalli. We find Miller's contention is meritless as our review of the record reflects that GM objected to the testimony both at the videotape deposition and during trial.
 {¶ 14} Miller proceeds to argue that the second report issued by Dr. Kondapalli did not result in any prejudicial surprise to GM. GM's counsel indicated at trial that it anticipated Dr. Rao was going to be testifying about the chest X-ray. Miller states that Dr. Kondapalli's conclusions and diagnosis remained unchanged and that the report merely eliminated the need for Miller to call Dr. Rao to testify at trial. Also, Dr. Kondapalli's interpretation of Miller's July 2003 X-ray was consistent with Dr. Rao's interpretation of the previous X-ray.
 {¶ 15} The record also reflects that one of GM's experts, Dr. Jay S. Thompson, had the opportunity to review both of Miller's X-rays. Dr. Thompson did not find any abnormalities on the August 2000 X-ray. With respect to the July 2003 X-ray, Dr. Thompson found that Miller's lungs were "pretty clear" and did not show signs of disease. Dr. Thompson also read and interpreted a high-resolution CT scan of Miller's chest and opined that the high resolution CT scan was far more sensitive and specific than a routine chest X-ray. GM's other expert, Dr. Ronald J. Bacik, testified that he reviewed the reports of Dr. Thompson of the two chest X-rays and the high resolution CT scan. Dr. Bacik indicated that the reports did not contain any findings consistent with asbestosis.
 {¶ 16} Upon our review, we do not find GM suffered prejudicial surprise by the admission of the testimony. It is clear that GM anticipated the substance of Dr. Kondapalli's testimony and was aware of his opinion that Miller suffered from asbestosis. The second X-ray did not alter Dr. Kondapalli's findings, and GM's expert was able to review this X-ray. Although GM argues Miller's case would not have survived in the absence of the second report, we do not find this warrants exclusion of the testimony in the absence of any element of surprise. Because we find there was no surprise that would have unduly prejudiced GM's defense in this matter, we hold the trial court did not abuse its discretion in deciding not to exclude Dr. Kondapalli's testimony. GM's first assignment of error is overruled.
 {¶ 17} GM's second assignment of error provides as follows:
 {¶ 18} "II. Because Miller's basis of knowledge was entirely secondhand, the trial court abused its discretion by ignoring GM's Evidence Rule 602 argument and permitting [Miller] to testify that he had been exposed to asbestos."
 {¶ 19} Once again, we find Miller's claim that GM waived this argument to be unpersuasive because GM made a timely objection on the record.
 {¶ 20} Evid.R. 602 provides in relevant part: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." "Personal knowledge" is defined as "knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." Bonacorsi v.Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314, 320, quoting Black's Law Dictionary (7th Ed.Rev. 1999) 875, 2002-Ohio-2220. A trial court's determination as to whether evidence is admissible is subject to an abuse of discretion standard of review. See id. at 321.
 {¶ 21} GM argues that Miller should not have been permitted to testify that he was exposed to asbestos while working at GM because he did not have firsthand, personal knowledge of the presence of asbestos. Rather, GM asserts that Miller's testimony was based on secondhand information and inferences Miller had made therefrom. In support of its position, GM refers to the Ohio Supreme Court decision in Goldman v. Johns-Manville Sales Corp.
(1987), 33 Ohio St.3d 40, in which the Ohio Supreme Court held that the wife of a deceased bakery worker could not offer affidavits from several witnesses that they "believed" and "were told" that certain products in the bakery contained asbestos, because they were not based on the personal knowledge of the witnesses.
 {¶ 22} Upon our review of the record in this case, we find that, unlike the Goldman case, the facts herein show that Miller's knowledge of asbestos at GM was gained through firsthand observation and experience. Miller testified that he had been working for GM since 1968 and had worked at the Parma plant for almost his entire career. Miller stated he became familiar with asbestos and its applications by doing research at the library. He was aware that asbestos can be found in pipe covering, furnace insulation, and brakes.
 {¶ 23} Miller testified that he observed professionals come into the plant to remove asbestos. Miller not only stated that he was informed by them that they were removing asbestos from the building, but also, he observed these professionals removing pipe covering. He also observed that these professionals were wearing protective clothing — suits, shields and respirators — and had sealed off the areas where they were working with plastic. Miller also saw signs on pipe coverings and in different areas of the plant indicating the presence of asbestos. He indicated the posters would state "Do not disturb this pipe here because it contains asbestos." Miller noticed that some of the pipe covering in the plant was deteriorated. Miller stated he had been working as a maintenance worker, sweeping up dust in the plant, including dust from the pipe covering. Miller did acknowledge that he could not distinguish between regular dust and dust containing asbestos.
 {¶ 24} Relying on his firsthand observations and experience, Miller indicated he was exposed to asbestos materials at GM, including "pipe covering, insulation of furnaces, brake dust from trains." This is not a case where the plaintiff's testimony was based on mere belief concerning the presence of and exposure to asbestos. Rather, it is a case where the plaintiff's knowledge was based on his own familiarity with asbestos, his observations of professionals removing asbestos and signs indicating the presence of asbestos, and his exposure to dust in areas where the asbestos was present. We find Miller offered sufficient evidence to establish his personal knowledge of being exposed to asbestos. See Shesler v. Consolidated Rail Corp., 151 Ohio App.3d 462,2003-Ohio-320; Olinger v. Pretty Products, Inc. (Nov. 7, 1997), Coshocton App. No. 96-CA-29.
 {¶ 25} GM's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Christine T. McMonagle, J., concur.