[Cite as *Braxton v. Kilbane*, 2017-Ohio-185.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104166**

---

# JULIUS BRAXTON, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# ASHLEY KILBANE

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED IN PART; VACATED IN PART;
REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-847631

**BEFORE:** S. Gallagher, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 19, 2017

**ATTORNEY FOR APPELLANTS**

Daniel J. Ryan
Ryan L.L.P., Inc.
55 Public Square, 21st Floor
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE**

Terrence J. Kenneally
River Terrace Building
19111 Detroit Road, Suite 200
Rocky River, Ohio   44116

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant, Julius Braxton, appeals certain evidentiary rulings made by the trial court during the trial of this case. Upon review, we find reversible error occurred that only affected the damages award. Accordingly, we affirm the verdict in appellant's favor, but we vacate the damages award and remand for a new trial only on the issue of damages.

{¶2} This case arose from a motor vehicle accident that occurred on July 10, 2013, between Braxton and defendant-appellee Ashley Kilbane. Braxton filed a complaint on June 29, 2015, raising negligence claims against Kilbane. The case was tried to a jury.

{¶3} During trial, the court limited the testimony of plaintiff's expert Dr. Mark Shoag regarding the nature and extent of injuries to Braxton's left wrist. Dr. Shoag stated in his January 27, 2015 expert report that he had reviewed Braxton's medical records and that it was his opinion to a high degree of medical certainty that Braxton's wrist injury was a direct result of the motor vehicle accident. Subsequent to the expert report, in April 2015, an MRI was taken of Braxton's wrist. The MRI further detailed the extent of Braxton's wrist injury.

{¶4} Plaintiff's counsel intended to have Dr. Shoag testify to the MRI. Defendant-appellee, Ashley Kilbane, raised an objection to allowing such testimony and argued that Loc.R. 21.1 limited Dr. Shoag's testimony to what was in his January 27, 2015 report. The trial court agreed and limited Dr. Shoag's testimony about the injuries to the materials Dr. Shoag reviewed for his expert report. The court further determined

that appellant was "alleging a new wrist injury" that was not in Dr. Shoag's expert report. The court also would not permit Dr. Shoag to explain the injuries with the use of Braxton's wrist as demonstrative evidence.

{¶5} Dr. Shoag testified that he reviewed Braxton's medical records related to his evaluation for injuries arising from the motor vehicle accident. He also reviewed X-rays that showed a fracture of the ulnar styloid in Braxton's left wrist. Dr. Shoag's opinion, to a reasonable medical probability, was that the injuries to Braxton's left wrist were caused by the automobile accident.

{¶6} At the conclusion of Dr. Shoag's testimony, appellant proffered Dr. Shoag's testimony about the MRI outside of the presence of the jury. Dr. Shoag testified that the MRI showed more damage than was available on the X-rays, including a radial fracture and tears and disruptions to the ligaments and the cartilage.

{¶7} As a result of the trial court's ruling, the jury only heard testimony about an ulnar fracture, and not the radial fracture and tears to Braxton's left wrist. The jury returned a verdict in Braxton's favor and awarded him $12,600.

{¶8} Braxton timely filed this appeal. He raises two assignments of error for our review. Braxton claims that the trial court committed reversible error by (1) limiting Dr. Shoag's testimony and excluding testimony regarding the MRI report, and (2) excluding appellant's demonstrative evidence of his wrist.

{¶9} A trial court's decision to admit or exclude evidence, including expert testimony, will not be disturbed absent an abuse of discretion that causes material

prejudice. *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 66, 567 N.E.2d 1291 (1991). A trial court's ruling on the admission of demonstrative evidence also is reviewed for an abuse of discretion. *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶ 82. In this case, we find it was an abuse of discretion to exclude the proffered expert testimony and the demonstrative evidence, and that this was prejudicial to the determination of damages.

{¶10} Loc.R. 21.1 requires expert opinions to be set forth in a report and provided to opposing counsel. The rule provides that the report must reflect the expert's opinions "as to each issue on which the expert will testify" and that no testimony or opinions will be permitted "on issues not raised in [the] report." Loc.R. 21.1.

{¶11} Similarly, Civ.R. 26(E) requires parties to supplement their discovery responses with respect to the subject matter on which an expert witness is expected to testify. Although an opposing party must be adequately informed as to the subject matter about which the expert intends to testify, Civ.R. 26(E) does not require a party to provide detailed information with regard to the basis for an expert's opinion. *Rush v. Univ. of Cincinnati Physicians, Inc.*, 1st Dist. Hamilton No. C-150309, 2016-Ohio-947, ¶ 15; *Metro. Life Ins. Co. v. Tomchik*, 134 Ohio App.3d 765, 783, 732 N.E.2d 430 (7th Dist.2000).

{¶12} In this case, Dr. Shoag's expert report discussed his opinion that the injuries to Braxton's left wrist were caused by the July 2013 accident. The causal connection between the accident and the injuries to Braxton's wrist was the subject matter or issue

that was raised in Dr. Shoag's report and which formed the basis of his testimony. The MRI report did not alter Dr. Shoag's opinion. Rather, it was offered to provide a more detailed account of the injuries caused by the car accident.

{¶13} This is not a case where the plaintiff sought to offer expert testimony on a completely new or previously undisclosed theory of causation.[1] Further, the MRI report did not relate to a "new wrist injury," but rather was offered to detail the extent of the injuries caused to Braxton's left wrist. The opposing party was adequately informed as to the subject matter about which the expert intended to testify, and any testimony regarding the MRI report would have been consistent with the matters disclosed in discovery. Under such circumstances, the testimony should have been allowed. *See Rush* at ¶ 18-19 (testimony about posterior rib fractures not previously identified did not constitute a new subject matter of expert testimony). Neither Loc.R. 21.1 nor Civ.R. 26(E) were violated.

{¶14} Furthermore, as this court has previously recognized, the primary purpose of Loc.R. 21 is to avoid prejudicial surprise, and a court is not required to exclude testimony where there is no evidence of prejudice. *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181, ¶ 48 (8th Dist.); *see also Estate of Preston v. Kaiser Permanente*, 8th Dist. Cuyahoga No. 78972, 2001

---

[1] The Ohio Supreme Court has found that it is an abuse of discretion to permit a medical expert to testify about a previously undisclosed causal connection between an injury and a medical problem. *Shumaker v. Oliver B. Cannon & Sons, Inc.*, 28 Ohio St.3d 367, 371, 504 N.E.2d 44 (1986).

Ohio App. LEXIS 4988, 12 (Nov. 8, 2001). Here, the MRI report had been provided to the opposing party prior to trial, and the expert's identity and the general nature of his testimony were known. "'[W]hen a complaining party knows the identity of the other party's expert, the subject of his expertise and the general nature of his testimony, a party cannot complain that they are ambushed.'" *Miller v. GMC*, 8th Dist. Cuyahoga No. 87484, 2006-Ohio-5733, ¶ 11, quoting *Yaeger v. Fairview Gen. Hosp*., 8th Dist. Cuyahoga No. 72361, 1999 Ohio App. LEXIS 904 (Mar. 11, 1999).

{¶15} Under the circumstances presented, the trial court abused its discretion when it excluded Dr. Shoag's testimony regarding the MRI report.

{¶16} We also find the trial court abused its discretion by precluding the use of Braxton's wrist during Dr. Shoag's testimony as demonstrative evidence of Braxton's injuries. "Demonstrative evidence is admissible if it satisfies the general standard of relevance set forth in Evid.R. 401 and if it is substantially similar to the object or occurrence that it is intended to represent." (Footnote omitted.) *Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, at ¶ 82. These requirements were satisfied in this matter.

{¶17} Furthermore, the trial court's rulings resulted in prejudice to appellant. The exclusion of the expert testimony regarding the MRI report and the demonstrative evidence of Braxton's wrist prevented appellant from offering evidence of the full extent of the injuries resulting from the car accident. The trial court's rulings undermined the

damages award and quite possibly prevented appellant from being made whole. Accordingly, we sustain the assignments of error.

{¶18} Because the trial court's rulings only impacted the determination of damages in this matter, we affirm the verdict in appellant's favor, vacate the damages award, and remand for a new trial only on the issue of damages.

{¶19} Judgment affirmed in part, vacated in part, and case remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION


EILEEN T. GALLAGHER, J., DISSENTING:

{¶20} I respectfully dissent from the majority's resolution of Braxton's first and second assignments of error and would affirm the trial court's judgment.

**{¶21}** In its opinion, the majority concluded that the trial court abused its discretion when it excluded Dr. Shoag's testimony regarding Braxton's MRI report. I disagree.

**{¶22}** Loc.R. 21.1(B), which governs the use of expert witnesses and expert reports in Cuyahoga County provides, in pertinent part:

> A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. It is counsel's responsibility to take reasonable measures, including the procurement of supplemental reports, to insure that each report adequately sets forth the expert's opinion. However, unless good cause is shown, all supplemental reports must be supplied no later than thirty (30) days prior to trial. The report of an expert must reflect his opinions as to each issue on which the expert will testify. *An expert will not be permitted to testify or provide opinions on issues not raised in his report.*

(Emphasis added.)

**{¶23}** "The primary purpose of Loc.R. 21 is to avoid prejudicial surprise resulting from noncompliance with the report requirement." *Id.*, citing *Reese v. Euclid Cleaning Contrs., Inc.*, 103 Ohio App.3d 141, 147, 658 N.E.2d 1096 (8th Dist.1995).

**{¶24}** As stated by the majority, our standard of review concerning the trial court's ruling on a Loc.R. 21.1 question is abuse of discretion. *Preston v. Kaiser*, 8th Dist. Cuyahoga No. 78972, 2001 Ohio App. LEXIS 4988, at 11 (Nov. 8, 2001), citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996). Thus, the standard is deferential to the trial court's judgment.

**{¶25}** In this case, Braxton filed a timely expert report in compliance with Local R. 21.1(B). The report, however, did not include Dr. Shoag's opinions regarding the

MRI of Braxton's wrist taken in April 2015. The record reflects that trial counsel had ample time prior to the February 2016 trial to file a supplemental expert report in order to include the results of the MRI and its impact on Dr. Shoag's expert opinion. However, no supplemental report was filed. Under these circumstances, I am unable to conclude that the trial court abused its discretion in limiting Dr. Shoag's testimony to the information contained in his report. As stated, Loc.R. 21.1(B) expressly states that an expert "will not be permitted to testify on issues not raised in his report." In this instance, issues relating to the results of Braxton's April 2015 MRI were not included in Dr. Shoag's expert report.

{¶26} In avoiding the implications of Loc.R. 21.1(B) the majority holds that the "issue" discussed in Dr. Shoag's expert report related to causation and that the additional information contained in the MRI report did not alter Dr. Shoag's opinion on that issue. I agree with the majority's conclusion that the MRI results would not have impacted Dr. Shoag's opinion regarding causation. However, I disagree with the majority's narrow interpretation of Dr. Shoag's testimony. Had Dr. Shoag been permitted to testify about the MRI results, his testimony unquestionably would have expanded beyond his opinions on the issue of causation that were contained in his expert report. In my view, any expert opinions rendered by Dr. Shoag regarding the MRI report would have related solely to establishing the extent of Braxton's injuries and the issue of damages. As stated, such an issue was not raised in Dr. Shoag's expert report. Pursuant to the express terms of the local rule, I believe that a medical report establishing additional injuries that

may significantly impact the scope of damages is precisely the type of "issue" that must be disclosed to the opposing party and included in an expert report before an expert witness may offer an opinion on the information gathered from the new evidence.

**{¶27}** For these reasons, I disagree with the majority's position that opposing counsel would not have been prejudicially surprised by the challenged testimony. As noted by the majority, opposing counsel certainly anticipated the substance of Dr. Shoag's testimony relating to causation and was aware of his opinion that Braxton's wrist injury was caused by the car accident. However, I do not believe this record supports the proposition that opposing counsel knew the general nature of Dr. Shoag's testimony concerning the MRI report until the information was disclosed to counsel just five days before trial. In my view, these circumstances do not comply with the notice obligations and purposes of Loc.R. 21.1. Holding otherwise sets an ambiguous precedent that may promote last minute disclosures of evidence, such as in this case, that may substantially impact the amount of damages awarded.

**{¶28}** Accordingly, I believe that opposing counsel's defense would have been substantially prejudiced had the court permitted Dr. Shoag to offer an expert opinion regarding the nature and extent of the injuries observed from the MRI. Significantly, defense counsel would have had no recourse to dispute Dr. Shoag's testimony, as the late disclosure inequitably precluded counsel from having the opportunity to obtain its own expert witness to review and analyze Braxton's MRI.

{¶29} Accordingly, I believe the trial court acted within its discretion in limiting Dr. Shoag's testimony in accordance with the intent and purpose of the local rules.

{¶30} I further dissent from the majority's holding that the trial court abused its discretion by precluding the use of Braxton's wrist during Dr. Shoag's testimony regarding the MRI report. As stated, I do not believe Dr. Shoag was entitled to offer an expert opinion on the subject of the MRI report. Thus, I believe the jury was adequately presented with all relevant testimony relating to the opinions rendered in Dr. Shoag's expert report.

{¶31} Based on the foregoing, I would affirm the trial court's judgment.