[Cite as *JP Morgan Chase Bank v. Stevens*, 2017-Ohio-7165.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104835

# JP MORGAN CHASE BANK

PLAINTIFF-APPELLEE

vs.

# MICHAEL M. STEVENS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803622

**BEFORE:** McCormack, P.J., Blackmon, J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 10, 2017

**FOR APPELLANT**

Michael M. Stevens, pro se
1935 Coventry Road
Cleveland Heights, OH 44118


**ATTORNEYS FOR APPELLEE**

Ashlyn Heider
Matthew Murtland
Shapiro, Van Ess, Phillips and Barragate
4805 Montgomery Road, Suite 320
Norwood, OH 45212

Phillip C. Barragate
Shapiro, Van Ess, Phillips and Barragate
1100 Superior Ave., Suite 950
Cleveland, OH 44114

Joseph T. Chapman
Collection Enforcement Section
150 E. Gay Street, 21st Floor
Columbus, OH 43215

Daniel C. Gibson
Nelson M. Reid
Bricker & Eckler L.L.P.
100 South Third Street
Columbus, OH 43215

Marlon A. Primes
U.S. Attorney's Office
U.S. Courthouse, #400
801 W. Superior Ave.
Cleveland, OH 44113

TIM McCORMACK, P.J.:

**{¶1}** Defendant-appellant Michael M. Stevens appeals from a judgment in the Cuyahoga County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee J.P. Morgan Chase Bank, N.A. ("Chase") regarding foreclosure of the property located in Cleveland Heights, Ohio. For the reasons that follow, we affirm.

Procedural History and Substantive Facts

**{¶2}** On March 15, 2002, Stevens executed a promissory note in the original principal amount of $110,000 in favor of Washington Mutual Bank ("WaMu"). The note was secured by a mortgage against the Cleveland Heights property. The mortgage was executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WaMu and WaMu's successors and assigns. Thereafter, MERS assigned the mortgage to Chase.

**{¶3}** On March 25, 2013, Chase filed a complaint in foreclosure against Stevens, seeking judgment on the note and foreclosure of the mortgage. Chase attached copies of the note, the mortgage, and the assignment of the note and mortgage. Chase alleged that it is entitled to enforce the note, the mortgage is a valid first lien upon the premises, and Stevens was in default. According to Chase, Stevens failed to make a payment that was due in September 2009 and has not subsequently made payments to bring the loan current. Chase alleged that the total amount due and owing is $98,472.41, plus interest, from August 2009. Stevens filed his answer to the complaint on May 28, 2013.

**{¶4}** On January 6, 2014, Chase filed a motion for summary judgment and motion for default judgment. Chase attached the affidavit of a Chase vice president, Samuel B. Mueller, in support of its summary judgment, along with a copy of the note, the mortgage, and an assignment of the note and mortgage to Chase. Mueller attests that the documents attached to the motion are true and correct copies of the note and mortgage and that Chase is in possession of the original note and was in possession of the note prior to commencement of the foreclosure action. Stevens filed an opposition to Chase's motion for summary judgment, attaching the affidavits of proffered experts, William J. Paatalo and James Madison Kelley. In his response, Stevens challenges Chase's standing by asserting that the note is not the original document and the assignment from MERS to Chase is invalid.

**{¶5}** On January 29, 2016, the magistrate issued a decision with findings of fact and conclusions of law, determining that there is no genuine issue of material fact and Chase is entitled to judgment as a matter of law. Specifically, in addressing Stevens's claim that the note is not authentic, the magistrate concluded:

> Pursuant to R.C. 1303.36(A), in an action with respect to an instrument such as a note and mortgage, a litigant must specifically deny in his pleadings "the authenticity of, and authority to make, each signature" in order to avoid the authenticity of that signature being "admitted." * * * Defendant Stevens does not dispute that he executed the note and does not in his Answer specifically deny that the signature on the note is his. (Rather, he expresses a belief or allegation that the note "bears a computer forgery of Stevens's signature.") Such a defense, short of a denial, is not sufficient to defeat the admission set forth in the civil rules. Further, the argument that Chase is not in possession of the original note is expressly defeated by the affidavit of Samuel B. Mueller, who, in attaching a true and accurate copy of the original, testified on personal knowledge that Chase is "in possession

of the original note." * * * The note is endorsed in blank by the original lender. Thus, it is payable to bearer * * *.

{¶6} Additionally, with respect to Stevens's challenge of the validity of the assignment, the magistrate found that Stevens "ignore[d] the fact that it is the mortgage assignment that transfers the rights of enforcement of the note and mortgage to Chase." The magistrate stated that the evidence of the transfer of a note, including through an assignment of a mortgage, "that expresses an intent to transfer the right to enforce the note as well, will suffice to establish holder status in both." Thus, the magistrate concluded that the assignment of the note and mortgage attached to Chase's complaint "clearly indicates that the mortgage is being assigned to Chase 'together with the promissory note secured thereby and referred to therein * * *.'"

{¶7} Finally, the magistrate determined that Stevens had no standing to challenge the assignment, because he was not a party to it and his interests are not affected by it, and the unrebutted evidence of the recorded assignment "clearly presents prima facie evidence of the holder status of the mortgage."

{¶8} Stevens filed objections to the magistrate's decision, and Chase responded to Stevens's objections. On July 15, 2016, the trial court overruled the objections and adopted the magistrate's decision. In adopting the magistrate's decision, the trial court specifically addressed Stevens's allegation that the note includes a "computer forgery," and the court noted that Stevens "fails to deny that he signed the note and that the signature on the note is his." The court also addressed Stevens's purported experts who attest to the alleged forgery. In so doing, the court determined that the proffered experts

were not qualified as experts under Evid.R. 702-705. The court also found the "factual evidence" of two websites submitted in support of Paatalo's legal conclusion insufficient.

{¶9} Regarding Stevens's other proffered expert, James Kelley, the court stated:

Dr. Kelley attests that the attachments to plaintiff's complaint and motion for summary judgment are not the wet ink copy of the note, mortgage, and mortgage assignment. He avers that the attachment is not the original note but a facsimile thereof. It is customary that the court filings of the loan documents are not the wet ink copies but duplicates of the originals pursuant to Evid.R. 1003. Plaintiff's affiant, Samuel B. Mueller, notably attests that his review focused on "Chase's records relating to the borrower's loan, including copies of the note and the mortgage." (Aff. ¶ 5).

However, Mr. Mueller additionally attests that the exhibits attached to his affidavit are true and correct copies of the note and mortgage (Aff. ¶ 5) and that plaintiff * * * was in possession of the original note (Aff. ¶ 6).

The court stated that an affiant is not required to aver that he compared the mortgage loan documents that are attached to his affidavit to the original documents, nor is he required to explain the basis for his personal knowledge "where such knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit." The court concluded that Stevens's proffered computer expert presented no facts that "establish or infer fraud in the execution of the original loan documents."

{¶10} Finally, the trial court adopted the magistrate's conclusion that Stevens has no standing to challenge the assignment, stating that the current law in this district holds that a defendant who is not a party to an assignment cannot challenge the assignment. Thus, the trial court found, Stevens cannot demonstrate any injury.

{¶11} Stevens now appeals, claiming the trial court erred in granting summary judgment in favor of Chase.

Summary Judgment

{¶12} Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶13} In a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Once a moving party satisfies its burden under Civ.R. 56(C), the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings; rather, it has a reciprocal burden of setting forth specific facts demonstrating that there is a genuine triable issue. *Id.*; *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663

N.E.2d 639 (1996). Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Dresher* at 293.

{¶14} A motion for summary judgment in a foreclosure action must be supported by evidentiary quality materials establishing that: (1) the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff bank is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due. *See, e.g., Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17; *Bank of Am., N.A. v. Sweeney*, 8th Dist. Cuyahoga No. 100154, 2014-Ohio-1241, ¶ 8.

{¶15} We review the trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

Law and Analysis

**{¶16}** Within his one assignment of error, Stevens advances several arguments. Stevens contends that Chase failed to demonstrate it has a valid assignment of the note and mortgage and therefore Chase failed to show it is a holder of the note "bearing the original unaltered wet ink signature of [the] appellant." Stevens also takes issue with various discovery matters, arguing the court erred in not allowing him to depose Chase regarding Mueller's affidavit, in excluding the affidavit of his proffered expert, William J. Paatalo, and in not allowing the defense offered by purported expert James Madison Kelley. Finally, Stevens claims that Mueller's affidavit lacked the proper foundation because Mueller did not aver that he compared the original documents to the copies attached to his affidavit.

**{¶17}** In first addressing Stevens's argument concerning discovery matters, we are mindful that the manner in which a trial court manages its dockets and controls discovery rests completely within the discretion of the trial court. *6750 BMS, L.L.C. v. Drentlau,* 2016-Ohio-1385, 62 N.E.3d 928, ¶ 18 (8th Dist.), citing *State ex rel. V Cos. v. Marshall Cty. Aud.*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). A reviewing court will therefore not disturb a trial court's decision in this regard absent an abuse of this discretion. *6750 BMS, L.L.C.* Additionally, a trial court's decision to exclude expert testimony will not be disturbed absent an abuse of discretion that causes material prejudice. *Braxton v. Kilbane*, 8th Dist. Cuyahoga No. 104166, 2017-Ohio-185, ¶ 9, citing *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 66, 567 N.E.2d 1291 (1991).

{¶18} Here, Stevens claims that the trial court erred by not allowing him to conduct the deposition of Chase vice president, Samuel Mueller. Stevens alleges that Mueller's affidavit lacks the proper foundation because Mueller failed to aver that he compared the original note and mortgage to the copies attached to his affidavit. According to Stevens, the court's preventing Stevens from deposing Mueller was therefore prejudicial.

{¶19} In support of his claim, Stevens attached to his brief in opposition to Chase's summary judgment motion an affidavit of former counsel, who states that counsel has made three efforts to obtain the plaintiff's deposition, and each time, the plaintiff's lawyer contacted Stevens's attorney and advised him "that the deposition could not go forward as planned." This affidavit, however, is evidence only of counsel's attempts to obtain Mueller's deposition; it is not evidence that the trial court prevented Stevens from taking Mueller's deposition. Additionally, there is no evidence that Stevens ever filed a motion to compel Mueller's deposition.

{¶20} Moreover, as we discuss later in this opinion, Mueller is not required to aver that he compared the original documents to the copies that are attached to his affidavit. Therefore, even if the court did not allow Stevens to depose Mueller in this regard, Stevens cannot demonstrate that he was prejudiced by his failure to obtain Mueller's deposition.

{¶21} Stevens also claims that the trial court erred in excluding the testimony of his proffered experts, Paatalo and Kelley. Paatalo was a mortgage broker and is a

private investigator. His testimony related to the issues of chain of title and assignment of the mortgage. Kelley is an electrical and computer engineer. Kelley's testimony concerned the authenticity of the signature on the original loan documentation.

{¶22} In most cases, a trial court should admit expert testimony when the testimony is material, relevant, and is admitted in accordance with Evid.R. 702. *Schwartz v. Honeywell Internatl., Inc.*, 2016-Ohio-3175, 66 N.E.3d 118 , ¶ 14 (8th Dist.), *appeal accepted,* 148 Ohio St.3d 1442, 2017-Ohio-1427, 72 N.E.3d 656. Evid.R. 702 governs the circumstances under which a witness may testify as an expert:

> (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
>
> (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
>
> (C) The witness' testimony is based on reliable scientific, technical, or other specialized information.

The proffered expert testimony must satisfy all of the above criteria. *Id.*

{¶23} Thus, in accordance with this rule, a witness may testify as an expert if he is qualified as an expert, the testimony relates to matters beyond the understanding of lay persons, and the testimony is based upon reliable information. *Azzano v. O'Malley-Clements*, 126 Ohio App.3d 368, 373, 710 N.E.2d 373 (8th Dist.1998), citing *Nichols v. Hanzel*, 110 Ohio App.3d 591, 597, 674 N.E.2d 1237 (4th Dist.1996). "[T]he expert must demonstrate some knowledge on the particular subject superior to that

possessed by an ordinary juror." *Azzano*, citing *Scott v. Yates*, 71 Ohio St.3d 219, 221, 643 N.E.2d 105 (1994).

{¶24} A determination of whether a witness is qualified to testify as an expert is a matter within the discretion of the trial court and will not be reversed "'unless there is a clear showing'" that the trial court abused its discretion. *State v. Lumbus*, 2016-Ohio-380, 59 N.E.3d 580, ¶ 95 (8th Dist.), quoting *State v. Wages*, 87 Ohio App.3d 780, 786, 623 N.E.2d 193 (8th Dist.1993), citing *State v. Maupin*, 42 Ohio St.2d 473, 330 N.E.2d 708 (1975).

{¶25} Paatalo opines that the assignment of the mortgage to Chase was fraudulent. In support of his opinion, Paatalo submits information obtained from websites concerning the FDIC's seizure of WaMu, Fannie Mae, and MERS. Paatalo concludes, based upon his review of the websites, that because WaMu had been seized by the government, it "ceased to exist" by the date of the assignment to Chase, and Fannie Mae was the owner of the note and mortgage.

{¶26} However, as the trial court noted, the information obtained by Paatalo is information available to the general public and not subject to a reasonable dispute. In addition, Paatalo states in his affidavit that his testimony was based upon the above websites, it involves "the factual aspects of * * * chain of title," and his analyses "are not scientific in nature." Paatalo's testimony was therefore not based upon any "scientific, technical, or other specialized information." *See* Evid.R. 702.

**{¶27}** Moreover, as we discuss later in this opinion, Stevens lacks the standing necessary to challenge the assignment of the note and mortgage from MERS to Chase. Therefore, Paatalo's testimony is irrelevant and not material to the facts at hand. Even if Stevens could contest the assignment, one's ownership status is irrelevant to one's entitlement to foreclosure. *Bank of Am., N.A. v. Calloway*, 2016-Ohio-7959, 74 N.E.3d 843, ¶ 15 (8th Dist.). "A person may be a 'person entitled to enforce' the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." R.C. 1303.31(B).

**{¶28}** Kelley attests that the documents attached to Chase's complaint and motion for summary judgment are not the "wet ink" copy of the note, mortgage, and mortgage assignment; Stevens's signature on the copy of the note is a "computer forgery"; and Liz Papke's endorsement is not authentic. The trial court found that "it is customary that the court filings of the loan documents are not the wet ink copies but duplicates of the originals," Chase provided evidence, through Samuel Mueller's affidavit, that Chase is in possession of the original note, and Kelley presented no facts that establish or infer fraud in the execution of the loan documents. As we discuss in this opinion, an affiant is not required to compare the original note to the copies attached to the pleadings. Nor is he required to explain the basis of his personal knowledge. Furthermore, Stevens lacks standing to contest the assignment or its purported signatures. On this record, we cannot find an abuse of discretion that causes material prejudice when the trial court did not allow the proffered expert testimony of Paatalo and Kelley.

**{¶29}** In support of its motion for summary judgment, Chase attached the affidavit of Samuel B. Mueller, Chase vice president, a copy of the promissory note endorsed in blank by Liz Papke, vice president of WaMu, the mortgage, and an assignment of the note and mortgage to Chase.

**{¶30}** Civ.R. 56(C) provides an exclusive list of materials that a party may use in support of a motion for summary judgment:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

*Huntington Natl. Bank v. Blount*, 8th Dist. Cuyahoga No. 98514, 2013-Ohio-3128, ¶ 18. "If a document does not fall within one of the categories of evidence listed in Civ.R. 56(C), it can only be introduced as proper evidentiary material when it is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Lebron v. A&A Safety, Inc.*, 8th Dist. Cuyahoga No. 96976, 2012-Ohio-1637, ¶ 8, citing *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 222, 515 N.E.2d 632 (8th Dist.1986).

**{¶31}** Concerning affidavits filed in relation to summary judgment, Civ.R. 56(E) provides that

> [s]upporting and opposing affidavits shall be made on personal knowledge,
> shall set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated in

the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

**{¶32}** "Personal knowledge" has been defined as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St. 3d 314, 2002-Ohio-2220, 767 N.E.2d 707. Where an affiant indicates that he or she is an employee of the bank, his or her job duties include the supervision of the loan, he or she has personal knowledge of the loan, and he or she is the records custodian of the records relating to the mortgage and line of credit at issue, the affidavit complies with Civ.R. 56(E). *See Blount* at ¶ 20. Moreover, where an affiant attests that he or she has personal knowledge of the transaction, "this fact cannot be disputed absent evidence to the contrary." *Household Realty Corp. v. Henes*, 8th Dist. Cuyahoga No. 85916, 2007-Ohio-5846, ¶ 12-13; *see also Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14 ("Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated").

**{¶33}** Here, Mueller attests in his affidavit that he is authorized to make this affidavit on behalf of Chase and he based his affidavit on his review of Chase's business records relating to the borrower's loan, including copies of the note and mortgage, and his

personal knowledge of how the records are maintained. Mueller states that he "personally verified the accuracy of the factual information in the affidavit" based upon his review of Chase's business records. Mueller also averred that the documents attached to Chase's motion for summary judgment are true and correct copies of the note and mortgage and that Chase is in possession of the original note and was in possession of the note prior to commencement of the foreclosure action. Mueller's affidavit therefore complies with Civ.R. 56(E).

{¶34} Stevens's argument that Mueller's affidavit lacks the proper foundation because Mueller never averred that he compared the original note and mortgage to the copies is without merit. This court has specifically rejected that argument in *Wells Fargo Bank, N.A. v. Hammond*, 2014-Ohio-5270, 22 N.E.3d 1140 (8th Dist.):

> As for the decision of the Fifth District Court of Appeals in [*Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-000291, 2011-Ohio-3203 ¶ 46, 49], which provides that summary judgment affidavits based on documents must include an averment that the affiant compared copies of the documents attached to the affidavit with the originals, this court has not adopted this as a requirement under Civ.R. 56(E), nor do we intend to do so because the Ohio Supreme Court has not made this a requirement of Civ.R. 56(E).

(Citation omitted.) *Hammond* at ¶ 37, citing *HSBC Mtge. Servs. v. Williams*, 12th Dist. Butler No. CA2013-09-174, 2014-Ohio-3778, ¶ 19 (stating this is not required under *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981)); *Nationstar Mtge., L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 37; *see also United States Bank N.A. v. Aguilar-Crow*, 7th Dist. Mahoning No. 15 MA 0113, 2016-Ohio-5391, ¶ 31. "There is no requirement that an affiant explain the basis

for his personal knowledge where his personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit." *Nationstar Mtge. L.L.C. v. Perry*, 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024, ¶ 15.

**{¶35}** Stevens also argues that Chase's documentary evidence fails to establish that Chase is the party entitled to enforce the note and mortgage against him. Stevens specifically challenges Chase's status as a holder of the note. In support, Stevens questions the chain of note transfers and assignment of the mortgage.

**{¶36}** In a foreclosure action, a party may establish its interest in the suit, and thus have standing to bring a foreclosure suit, when at the time it files its complaint in foreclosure, it either (1) has had the mortgage assigned to it, or (2) is the holder of the note. *Calloway*, 2016-Ohio-7959, 74 N.E.3d 843, at ¶ 13, citing *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21 (8th Dist.), citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

**{¶37}** A note secured by a mortgage is a negotiable instrument that is governed by R.C. Chapter 1303. *Wells Fargo Bank, N.A. v. Carver*, 2016-Ohio-589, 60 N.E.3d 473, ¶ 14 (8th Dist.). Under R.C. 1303.31(A), three "persons" are entitled to enforce an instrument: (1) the holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument under R.C. 1303.38 or 1303.58(D). R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified

person that is the person in possession."  When an instrument is endorsed in blank, it is payable to the bearer.  R.C. 1303.25(B).

{¶38} Chase therefore has standing and is entitled to enforce the note if it can establish either that it was the holder of the note or it had been assigned the mortgage. *Patterson*; *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 27.

{¶39} Here, Chase attached a copy of the note endorsed in blank as well as a copy of the assignment to its complaint and its motion for summary judgment.  Mueller attested in his affidavit that Chase has been in possession of the note since the commencement of the foreclosure action and the copy attached to his affidavit is a true and correct copy of the note in Chase's possession.  Therefore, by virtue of its possession of the note indorsed in blank, Chase demonstrated it is the holder of the note and entitled to enforce the note.  *See, e.g., Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 62; *Bank of N.Y. Mellon v. Morgan*, 2d Dist. Montgomery No. 25664, 2013-Ohio-4393, ¶ 50; *BAC Home Loans Servicing, L.P. v. Untisz*, 11th Dist. Geauga No. 2012-G-3072, 2013-Ohio-993, ¶ 20; *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 16-18.

{¶40} To the extent that Stevens contests the assignment of the mortgage, his argument is without merit.  In his opposition, Stevens claims that the assignment was "defective" in that it was signed by a "known robo-signor," and he should be permitted to contest the assignment on that basis.  However, the law in this district provides that a

mortgagor lacks standing to challenge a mortgage assignment if the mortgagor is neither a party to, nor a third-party beneficiary of, the assignment of the mortgage. *See, e.g.*, *Everbank v. Katz*, 8th Dist. Cuyahoga No. 100603, 2014-Ohio-4080, ¶ 8; *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17; *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35. Where the note was indorsed in blank, "defenses relating to chain of title are null and inapplicable, because it is immaterial how the person became the holder of the note." *Bank of Am. N.A. v. Farris*, 2015-Ohio-4980, 50 N.E.3d 1043, ¶ 27 (8th Dist.), citing *Froimson*.

{¶41} Here, Chase attached to its summary judgment motion a copy of the assignment from MERS, as nominee for WaMu, to Chase. Stevens is not a party to the above assignment, nor a third-party beneficiary of the assignment. Nor does Stevens claim he was injured as a result of the assignment. Accordingly, he fails to demonstrate any injury and therefore lacks standing to challenge the assignment or any of the circumstances upon which the assignment was created.

{¶42} Moreover, the allegation of an improper assignment is irrelevant because, under Ohio law, the mortgage "follows the note" it secures. *Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 65, citing *U.S. Bank N.A. v. Marcino*, 181 Ohio App.3d 328, 908 N.E.2d 1032, ¶ 52 (7th Dist.).

> For nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt, and the mortgage is a mere incident to the obligation. Therefore, the

negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.

(Citations omitted.) *Marcino* at ¶ 52. Accordingly, the physical transfer of the note indorsed in blank constitutes an equitable assignment of the mortgage regardless of whether the mortgage is validly assigned. *Najar*; *Marcino*; *see also*, *e.g.*, *Wells Fargo Bank, N.A. v. Byers*, 10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303.

**{¶43}** In light of the foregoing, we find that Chase has provided evidence that it was entitled to enforce the note before filing the complaint in foreclosure and there is no genuine issue of material fact concerning its standing to commence this action. The undisputed evidence shows that $98,472.41 plus interest was due on the note. Stevens's opposition to Chase's motion for summary judgment, in which he relies largely upon inadmissible expert testimony and arguments in favor of changing the law in this district, failed to meet his reciprocal burden to set forth specific facts showing there is a genuine issue of material fact that remains to be litigated. Accordingly, the trial court properly granted summary judgment in Chase's favor.

**{¶44}** Stevens's assignment of error is overruled.

**{¶45}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
LARRY A. JONES, SR., J., CONCUR