BUSSELL, APPELLEE, *v.* MATTIN, APPELLANT.

(No. L-81-149—Decided November 6, 1981.)

*Mr. Marvin K. Jacobs,* for appellee.
*Mr. Timothy D. Krugh,* for appellant.

POTTER, J. This action originated from an automobile accident in an employees' parking lot. Plaintiff-appellee, John O. Bussell, Sr., sued, *inter alia,* defendant-appellant, Ronald Mattin, a fellow employee, for personal injuries. The defendant claimed immunity from liability pursuant to R.C. 4123.741.

Defendant filed a motion for summary judgment which was overruled. The cause was submitted to the trial court on a stipulation of facts. The trial court found that the defendant was not immune from liability and entered judgment in favor of

the plaintiff on Count II of the complaint, the subject of this appeal, for $2,500 and costs. This appeal followed.

The sole assignment of error is:

"The trial court erred by granting plaintiff-appellee judgment on Count II of the complaint because defendant-appellant is immune from liability pursuant to O.R.C. § 4123.741."

We find the assignment of error well taken for the reasons hereinafter stated. The facts stipulated by the parties are set forth below:

"The following relevant facts have been stipulated and agreed to by the parties in the Agreed Statement of the Case for Appeal:

"(1) On November 5, 1979, Plaintiff John O. Bussell, Sr. and Defendant Ronald Mattin were duly and regularly employed hourly workers and employees of General Motors Corporation, Chevrolet Motor Division, at its Alexis Road, Toledo, Ohio Transmission Plant.

"(2) On November 5, 1979, Plaintiff John O. Bussell, Sr. and Defendant Ronald Mattin both completed their shift of work at said Chevrolet Alexis Road Transmission Plant at about 7:00 a.m.

"(3) The automobile collision which is the subject of this action occurred shortly thereafter in said Chevrolet Alexis Road Transmission Plant's parking lot as Plaintiff and Defendant were in the process of leaving their place of employment.

"(4) Said parking lot is part of and directly adjoined to said Chevrolet Alexis Road Transmission Plant, and is owned, maintained and controlled by General Motors Corporation, Chevrolet Motor Division, for the exclusive use of its employees.

"(5) On November 5, 1979, General Motors Corporation, Chevrolet Motor Division, was an 'employer' and Plaintiff John O. Bussell, Sr. and Defendant Ronald Mattin were 'employees' as those terms are defined in Ohio's Workers' Compensation Act, O.R.C. § 4123.01.

"(6) At the time of said collision, Plaintiff John O. Bussell, Sr. owned and was operating a 1979 Cadillac automobile, and defendant Ronald Mattin was operating a 1972 Chevrolet automobile owned by Otto Miller.

"(7) Defendant Ronald Mattin was negligent in the operation of the 1972 Chevrolet and his negligence was the proximate cause of this November 5, 1979 collision.

"(8) As a proximate result of defendant Ronald Mattin's negligence, Plaintiff John O. Bussell, Sr. sustained property damage (Count I), his share of which totals $270.00.

"(9) As a proximate result of Defendant Ronald Mattin's negligence, Plaintiff John O. Bussell, Sr. sustained personal injury damages (Count II) in the total sum of $2,230.00.

"(10) Although admitting negligence, causation and damage as set forth above, Defendant Ronald Mattin does not, in any way, admit liability. Pursuant to his First Affirmative Defense set forth in ¶9 of his Answer, Defendant maintains that Count II of the Complaint, which seeks personal injury damages, is barred by O.R.C. § 4123.741, entitled 'Fellow employees' immunity from suit.' "

R.C. 4123.741 reads as follows:

"No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

In *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18 [39 O.O.2d 11], the Ohio Supreme Court held in the syllabus:

"An employee who, on his way from the fixed situs of his duties after the close of his work day, is injured in a collision of his automobile and that of a fellow employee occurring in a parking lot located adjacent to such situs of duty and owned, maintained and controlled by his employer for the exclusive use of its employees, receives such injury 'in the course of, and arising out of' his employment, within the meaning of that phrase in the Workmen's Compensation Act, Section 4123.01(C), Revised Code. (*Gregory* v. *Industrial Commission,* 129 Ohio St. 365 [2 O.O. 370]; *Kasari* v. *Industrial Commission,* 125 Ohio St. 410; *Industrial Commission* v. *Henry,* 124 Ohio St. 616; *Industrial Commission* v. *Barber,* 117 Ohio St. 373; and *DeCamp* v. *Youngstown Municipal Ry. Co.,* 110 Ohio St. 376, followed.)"

In *Baughman* v. *Eaton Corp.* (1980), 62 Ohio St. 2d 62, at page 63 [16 O.O.3d 45], the court held:

"* * * Appellee parked his automobile in the only employer parking lot then available to him free of charge. His injuries occurred on the public street as he proceeded, without deviation, toward the plant entrance prior to the commencement of his shift. Finally, appellee could not reach the plant entrance without crossing the public street. On these facts, it would be unreasonable to deny appellee compensation."

In the case *sub judice,* the plaintiff's injuries were received in the course of and arising out of his employment. His injuries are compensable under the Workers' Compensation Act. The defendant is a fellow employee. Thus, the defendant is, pursuant to R.C. 4123.741, immune. See *Proctor* v. *Ford Motor Co.* (1973), 36 Ohio St. 2d 3 [65 O.O.2d 32].

The judgment of the Court of Common Pleas of Lucas County is reversed and vacated. Coming now to enter the judgment that the trial court should have rendered, Count II of the complaint is dismissed.

*Judgment reversed.*

DOUGLAS and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.