[Cite as *Bank of New York Mellon v. Froimson*, 2013-Ohio-5574.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99443**

## BANK OF NEW YORK MELLON

PLAINTIFF-APPELLEE

vs.

## ERIC FROIMSON, ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-760608

**BEFORE:**  Stewart, A.J., Boyle, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   December 19, 2013

**ATTORNEYS FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, OH    44103

Grace M. Doberdruk
Dann, Doberdruk & Harshman
4600 Prospect Avenue
Cleveland, OH    44103


**ATTORNEYS FOR APPELLEE**

Brian L. Shaw
Jeffrey R. Jinkens
J. Bradley Leach
Gregory H. Melick
Luper, Neidenthal & Logan, L.P.A.
50 West Broad Street, Suite 1200
Columbus, OH    43215

MELODY J. STEWART, A.J.:

{¶1} The court entered judgment on a promissory note and ordered foreclosure of real property securing that note in favor of the holder of the note and mortgage, plaintiff-appellee The Bank of New York Mellon f.k.a. The Bank of New York as Trustee for the benefit of The Certificate Holders of The CWALT, Inc., Alternative Loan Trust 2004-18CB, Mortgage Pass Through Certificates, Series 2004-18CB (the "bank"). The makers of the note and mortgagors, defendants-appellants Eric and Abbe Froimson, appeal. They argue that the court erred by allowing the bank's witness, an employee of the bank's loan servicer, to testify that the Froimsons were in default — a matter that they claim was beyond the representative's personal knowlege. We find no error and affirm.

{¶2} The parties tried the issues to a magistrate who made findings of fact and conclusions of law that the court adopted in its judgment. The Froimsons did not challenge any of those findings of fact, so we consider them undisputed for purposes of appeal.

{¶3} In June 2004, the Froimsons executed a note in the amount of $63,750 in favor of Countrywide Loans, Inc. The note was endorsed in blank by Countrywide and sold to the bank in July 2004. The note has remained in the bank's continuing possession. Bank of America, the successor to Countrywide, serviced the loan.

{¶4} At the same time they issued the promissory note, the Froimsons executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide. The mortgage was recorded in Cuyahoga County and was a

best lien on the subject property after the county treasurer's lien for real estate taxes. In July 2012, MERS, as nominee for Countrywide, assigned the mortgage to the bank.

{¶5} The Froimsons defaulted on the note in February 2011. The bank alleged an amount due of $57,337.87, plus interest at the rate of 6.125 percent per annum. The magistrate conducted a trial and issued a decision granting the bank judgment on the note and interest in the amount prayed for in the complaint, and foreclosure on the property. The court adopted the magistrate's decision over the Froimsons' objection that the magistrate erred by basing his decision on inadmissible hearsay.

I

{¶6} The Froimsons' primary complaint is that the court allowed the bank to establish a default on the promissory note through the testimony of a representative of the Bank of America, the loan servicer for the bank. The representative said that he personally reviewed the Froimsons' loan file and verified that the Froimsons defaulted on their loan payments. The Froimsons objected to that testimony as being inadmissible hearsay, not because they challenged the factual basis for those records, but on the procedural ground that the representative had no personal knowledge of the contents of the bank's records nor did the bank produce the computer records on which the representative relied.

{¶7} Evid.R. 803(6) provides an exception to the hearsay rule for business records of regularly conducted activity as long as the record is kept in the regular course of business and verified by a "person with knowledge" of the record. "Personal knowledge"

is "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." *The Hillstreet Fund III, L.P. v. Bloom*, 2d Dist. Miami No. 09CA12, 2009-Ohio-6583, ¶ 11, quoting *Black's Law Dictionary* 873 (6th Ed.1990).

**{¶8}** Courts have routinely allowed a representative from a loan servicer to provide evidence of default, either by affidavit or testimony, consistent with Evid.R. 803(6). Recently, in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, we rejected an argument that an affidavit offered in support of summary judgment on a foreclosure claim was insufficient because it was written by an employee of the loan servicer and not the entity holding the promissory note. In *Najar*, we stated:

> Appellants argue that [the affiant's] affidavit was insufficient to meet Deutsche Bank's burden on summary judgment because he is an employee of AHMSI, Deutsche Bank's mortgage servicer, rather than an employee of Deutsche Bank. However, this court and many others have upheld judgments in foreclosure actions based on testimony from mortgage servicers. *See, e.g., United States Bank Natl. Assn. v. Turner*, 8th Dist. No. 97935, 2012-Ohio-4592, ¶ 5, 13-14; *Deutsche Bank Natl. Trust Co. v. Gardner*, 8th Dist. No. 92916, 2010-Ohio-663, ¶ 10 (servicer of borrower's loan competent to testify regarding the content of documents in borrower's loan file with which he was personally familiar); *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. No. 92487, 2009-Ohio-3886, ¶ 9, 18 (affidavit of bank's loan servicing agent, along with other supporting documents, sufficient to show bank was the real party in interest); *New York v. Dobbs*, 5th Dist. No. 2009-CA-000002, 2009-Ohio-4742, ¶ 40 ("even though * * * not employed by" appellee, affidavit of loan servicing agent was sufficient to authenticate documents).

*Id*. at ¶ 27.

**{¶9}** As for the requirement that the proponent of a business record be a person "with knowledge," the magistrate ruled that the representative had personal knowledge of

what he testified to. The magistrate found that the "critical pieces of testimony — the date [the bank] obtained possession of the note, the capacity in which the document custodian acted, the amount due and date of default, etc." were based on records contained in Bank of America's records system, and not in any records of the bank. In addition, the magistrate found that "[w]henever the Froimsons' counsel challenged whether [the representative] had first-hand knowledge of a matter, he provided an explanation for how he knew the challenged fact." There was no error in this finding.

{¶10} The representative testified that Bank of America was a loan servicer. In that capacity, it was responsible for collecting the Froimsons' payments on the notes. The representative established that he relied on Bank of America's records system, not records from the bank, to verify the pertinent information relating to the default, including payment history. Notably, exhibit No. 4, an account information statement prepared by Bank of America in its capacity as loan servicer, provided a summary of the Froimsons' account and showed the number of payments due. The magistrate correctly identified the exhibit as hearsay, but allowed it into evidence under the Evid.R. 803(6) hearsay exception for business records. Given the substantial evidence showing that the representative had personal knowledge of the Froimsons' file, exhibit No. 4 was admissible.

II

{¶11} The Froimsons next argue that the court erred by granting judgment to the bank because the bank failed to show the terms of the bank's obligation as trustee pursuant

to a pooling and servicing agreement, nor did the bank establish when it became the holder of the note and mortgage under the terms of the trust.

A

{¶12} We first address the Froimsons' claim that the bank was not the holder of the note at the time it instituted this action. They argue that Bank of America's representative testified that he retrieved the original note from a custodian, Bank of New York Western Trust Company, but failed to provide any evidence that the Bank of New York Western Trust Company was the bank's agent.

{¶13} When a person signs a promissory note, that person incurs the obligation contained in R.C. 1303.52(B) that the instrument will be paid to a person entitled to enforce the note. A "person entitled to enforce" an instrument is, among other things, a "holder" of an instrument. *See* R.C. 1303.31(A)(1). A "holder" of a note is any person in possession of a negotiable instrument that is payable to a bearer. *See* R.C. 1301.201(B)(21)(a).

{¶14} The bank produced the original note at trial. The note was endorsed in blank, meaning that anyone who possessed it was a "holder" of the note. And being in possession of a note endorsed in blank, the bank was automatically a person entitled to enforce the note. *See* R.C. 1303.25(B).

{¶15} The Froimsons argue that the representative testified that he obtained the note from a "third party" (presumably they refer to the custodian who stored the note for the bank) but failed to offer any evidence that this third party was the bank's agent. It is

unclear why the Froimsons make this argument or why they argue that the bank "did not demonstrate at trial that it is the holder of the note, the presence of the note at trial notwithstanding." *See* Appellant's Brief at 12. The bank had no need to offer proof of any agency relationship as a predicate to proving that it possessed a note endorsed in blank. Its possession of the original note made it a person entitled to enforce the note. In fact, how the bank came into physical possession of the note is simply immaterial to its right to enforce the note — "[t]he definition [of a person entitled to enforce] recognizes that enforcement is not limited to holders. The quoted phrase includes a person enforcing a lost or stolen instrument." Official Comment to R.C. 1303.31.

B

{¶16} Apart from suing on the promissory note, the bank sought to foreclose on the property through the mortgage deed that it received by assignment from MERS. At trial, the Froimsons argued that the bank failed to offer evidence of the pooling and service agreement ("PSA") between the bank, as trustee, and MERS, such that MERS had the authority to assign the mortgage to the bank. The magistrate ruled that the Froimsons lacked standing to contest a mortgage assignment and that a defect in the mortgage assignment does not render the mortgage unforceable.

{¶17} It is settled in this appellate district that a mortgagor lacks standing to challenge the assignment of his mortgage directly if the mortgagor is neither a party to, nor a third-party beneficiary of, the assignment contract. A case in point from this appellate

district is *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, in which we stated:

> The mortgage assignments did not alter the Ungers' obligations under the note or mortgage. Mellon filed the foreclosure complaint based on the Ungers' default under the note and mortgage, not because of the mortgage assignments. The Ungers' default exposed them to foreclosure regardless of the party who actually proceeds with foreclosure. The Ungers, therefore, failed to show they suffered or will suffer any injury, the injury is traceable to the mortgage assignments, and it is likely a favorable decision will remedy the injury. The trial court properly granted Mellon's motion for summary judgment because the Ungers lacked standing to challenge the mortgage assignments.

*Id*. at ¶ 35.

{¶18} The Froimsons argue that *Unger* is factually inapplicable because it involved a quiet title action, not a foreclosure action. But the legal principle applied in *Unger* — that a debtor may not challenge a mortgage assignment between an assignor and an assignee because the debtor is not a party to the assignment — has been applied in foreclosure actions in this district and in other courts applying Ohio law. *See, e.g.*, *Deutsche Bank Natl. Trust Co. v. Najar*, supra at ¶ 62; *Deutsche Bank Natl. Trust Co. v. Whiteman*, 8th Dist. Cuyahoga No. 12AP-536, 2013-Ohio-1636, ¶ 16; *LSF6 Mercury REO Invests. Trust Series 2008-1, c/o Vericrest Fin., Inc. v. Locke,* 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 28; *Chase Home Fin. v. Heft*, 3d Dist. Logan Nos. 8-10-14, 8-11-16, 2012-Ohio-876; *Bridge v. Aames Capital Corp.*, N.D.Ohio No. 1:09 CV 2947, 2010 U.S. Dist. LEXIS 103154, *8-9 (Sept. 29, 2010). The principle was not, contrary to the Fromisons' assertions, dependent upon the underlying action in *Unger* being a quiet title action.

**{¶19}** The Froimsons argue that the rule applied in *Unger* results in the "absurd" proposition that a homeowner may not defend a foreclosure action by questioning a foreclosing entity's ability to bring a cause. Appellant's Brief at 11-12. They maintain that a nonparty to an assignment can affirmatively challenge an assignment of a mortgage if that party can demonstrate an injury traceable to the mortgage assignment. Determining whether the assignment was valid in this case would require an examination of the terms of the PSA that granted the trustee the authority to make an assignment — a document that the bank did not offer into evidence and one that they maintain the bank's representative could not competently testify about because his testimony was hearsay.

**{¶20}** To the extent that the Froimsons argue that the representative gave hearsay testimony, we reject that argument here because they did not object on that basis. On direct examination by the bank, the representative testified without objection that the PSA gave Bank of America the authority to foreclose on the mortgage. The Froimsons' failure to object on hearsay grounds forfeited the right to argue that claimed error on appeal. *See* Evid.R. 103(A)(1); *Russi v. Brentlinger Ents.*, 10th Dist. Franklin No. AP-1143, 2011-Ohio-4764, ¶ 24.

**{¶21}** In addition, the Froimsons compounded the claimed error by asking the representative during cross-examination if he was "familiar" with the terms of the PSA. The representative replied that he was "somewhat" familiar with the document and, upon being asked by the Froimsons, identified the paragraph of the PSA that authorized the assignment. The Froimsons cannot be heard to complain that the representative gave

hearsay testimony about a PSA that was not admitted into evidence when they specifically asked him to identify the portion of the PSA that authorized the assignment of the mortgage.

{¶22} Going to the merits of the Froimsons' argument, we recognize that the court in *Livonia Property Holdings, L.L.C. v. 12976 Farmington Rd. Holdings, L.L.C.*, 717 F.Supp.2d 724 (S.D.Mich.2010), observed that a debtor may raise a *defense* to an assignment that would render the assignment "absolutely invalid." *Id*. at 736. But that view has been rejected in situations like those in this case. Notably, the Sixth Circuit Court of Appeals on direct appeal in *Livonia* stated:

> An obligor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void." 6A C.J.S. Assignments § 132 (2010). These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment, none of which are available in the current matter. *Id*. Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice. *Id*. In this case, Livonia is not at risk of paying the debt twice, because Farmington has established that it holds the original note.

*Livonia Properties Holdings, L.L.C. v. 12976 Farmington Rd. Holdings, L.L.C.*, 399 Fed. Appx. 97, 2010 U.S. App. LEXIS 22764, *102 (6th Cir. 2010).

{¶23} The bank presented the original note, endorsed in blank, at trial. The presence of the note established with certainty the party to whom payment is owned — being endorsed in blank, the note was a bearer instrument payable to anyone holding it — so the bank's possession of the note made it entitled to enforce the note. The Froimsons' assertion of a defense based on an invalid assignment of the mortgage is no longer viable

because they are not at risk of having to pay the same debt twice. *Id.* The purpose behind the defense relating to the chain of title for the mortgage is nullified and thus inapplicable here.

{¶24} Apart from the defense being inapplicable, the Froimsons also failed to prove a viable defense based on alleged violations of the PSA. As the party offering the defense, the Froimsons had the burden of producing evidence to prove the defense. *Miller v. Lagos*, 11th Dist. Trumbull No. 2008-T-0014, 2008-Ohio-5863, ¶ 15. The Froimsons did not introduce the PSA into evidence to prove that the bank acted contrary to its terms, so they failed to carry their burden of establishing the defense.

{¶25} We find no error in the judgment below and overrule the assignments of error.

{¶26} Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

TIM McCORMACK, J., CONCURS;

MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY