[Cite as *Houston v. Morales*, 2018-Ohio-1505.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106086**

---

**ALONZO HOUSTON**

PLAINTIFF-APPELLANT

vs.

**FERNANDO MORALES**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-833702

**BEFORE:** Kilbane, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 19, 2018

**ATTORNEYS FOR APPELLANT**

Murray Richelson
Daniel M. Katz
David A. Katz Co., L.P.A.
50 Public Square
842 Terminal Tower
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

John V. Rasmussen
Law Offices of John V. Rasmussen
6060 Rockside Woods Boulevard - Suite 131
Independence, Ohio 44131

MARY EILEEN KILBANE, P.J.:

{¶1} In this accelerated appeal under App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant, Alonzo Houston ("Houston"), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Fernando Morales ("Morales"). For the reasons set forth below, we affirm.

{¶2} In October 2014, Houston filed a complaint against his co-employee, Morales, seeking damages for injuries arising out of a motor vehicle accident that occurred on the parking lot of both Houston and Morales's employer, Hose Master, L.L.C. ("Hose Master"). Morales left the premises for lunch and was returning to work. He was driving in his car in search of a parking spot. Meanwhile, Houston had exited the Hose Master building on his lunch break to move his car into another lot on the company's premises. As Houston was turning his car to park, Morales's vehicle collided with Houston's vehicle.

{¶3} Following discovery, Morales moved for summary judgment, arguing that he was immune under the "fellow servant doctrine," as set forth in R.C. 4123.741. The statute provides in relevant part that

> [n]o employee of any employer * * * shall be liable to respond in damages at common law or by statute for any injury * * *, received * * * by any other employee of such employer in the course of and arising out of the latter employee's employment, * * * on the condition that such injury * * * is found to be compensable under sections [R.C.] 4123.01 to 4123.94, inclusive[.]

{¶4} Houston opposed Morales's motion. The trial court agreed with Morales, finding that "the fellow employees' immunity applies to the facts of this case under R.C. 4123.741." The court concluded that "[Morales] cannot be found liable for [Houston's] injuries" and dismissed Houston's case.

{¶5}    Houston now appeals, raising the following three assignments of error for review, which shall be discussed together.

### Assignment of Error One

The trial court erred in granting summary judgment when [Morales] violated judicial estoppel.

### Assignment of Error Two

The trial court erred in failing to apply the doctrine of collateral estoppel.

### Assignment of Error Three

The trial court erred in finding that [Morales] was a "fellow servant" at the time of the accident.

### Summary Judgment

{¶6}    We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶8} In the first and second assignments of error, Houston argues Morales violated judicial estoppel because he successfully pursued an uninsured motorist claim with his own insurer. He contends that if Morales was a "fellow servant" to Houston, then Morales could not maintain an uninsured motorist claim. Houston further argues that Morales was collaterally estopped from bringing the "fellow servant issue" because he was denied workers' compensation benefits for not being in the "zone of employment" at the time of the accident with Houston.

{¶9} Under judicial estoppel, a party may not take a position in a court proceeding that is "'inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" *Smith v. Dillard Dept. Stores, Inc.*, 139 Ohio App.3d 525, 533, 744 N.E.2d 1198 (8th Dist.2000), quoting *Teledyne Indus., Inc. v. Natl. Labor Relations Bd.*, 911 F.2d 1214, 1217 (6th Cir. 1990). "The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." *Id.*, citing *Teledyne*.

{¶10} With the above rule in mind, it is clear that judicial estoppel does not apply to the circumstances presented herein. Morales's claim for uninsured motorist coverage with his own insurer is not a court proceeding, but rather is the result of a contractual agreement between the

insured and his insurer.   Therefore, the doctrine of judicial estoppel does not apply to the instant case.

{¶11} Houston further argues that Morales is estopped from claiming immunity under the "fellow servant" rule because he did not pursue an appeal of the Industrial Commission's denial of his injury claim.

{¶12} Collateral estoppel precludes the "relitigation in a second action of an issue or issues that have been actually and necessarily litigated and determined in a prior action." *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195, 443 N.E.2d 978 (1983), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969).   Here, the parties are not litigating Morales's injuries.   Rather, the issue is whether Morales is a fellow servant employee entitled to immunity under R.C. 4123.741.   Collateral estoppel precludes relitigation when the identical issue was actually decided in the former case.   As a result, collateral estoppel is not applicable to the instant case.

{¶13} In the third assignment of error, Houston argues the court erred in finding that Morales was a fellow servant at the time of the accident.   He contends that the fellow servant doctrine only applies if both parties satisfy "the course of and arising out of test."

{¶14} We find *Kobak v. Sobhani*, 8th Dist. Cuyahoga No. 94764, 2011-Ohio-13, instructive.   In *Kobak*, a coworker (Sobhani) struck another coworker (Kobak) when he was leaving the employer's premises.   Sobhani maintained that he was immune from liability under R.C. 4123.741.   On appeal, this court affirmed the trial court's grant of summary judgment in favor of Sobhani on the basis of the fellow employee immunity doctrine.   In reviewing R.C. 4123.741, this court stated that "there are two questions that must be considered in applying this statute:   was the injury caused by another employee, and did the injury occur in the course of

and arising out of the plaintiff's employment?" *Kobak* at ¶ 13, citing *Sammetinger v. Kirk Bros. Co., Inc.*, 3d Dist. Logan No. 8-09-15, 2010-Ohio-1500.

**{¶15}** With regard to injury caused by another employee, this court noted that Kobak was awarded workers' compensation benefits from the collision, and, "as explained in *Kaiser v. Strall* (1983), 5 Ohio St.3d 91, 5 Ohio B. Rep. 143, 449 N.E.2d 1, '[a]n injury need only be found "compensable" for fellow-employee immunity to be activated.'" *Id.* at ¶ 14. *Accord Pursley v. MBNA Corp.*, 8th Dist. Cuyahoga No. 88073, 2007-Ohio-1445, ¶ 10. ("A co-employee and employer are statutorily immune from liability when the employee's injury is compensable under workers' compensation.") This court further explained,

> as explained in *Kelleher v. Alvarado* (Dec. 31, 1990), Putnam App. No. 12-89-17, 1990 Ohio App. LEXIS 5966:
>
> We note that neither the statutes (R.C. 4123.741 and 4123.01) nor the case law (* * *; *Bussell v. Mattin* (1981), 3 Ohio App.3d 339, 3 Ohio B. 395, 445 N.E.2d 696; *Kaiser * * *), require the fellow employee to be 'in the course of his employment.' Instead, and as stated in *Puckett v. Miller* (1980), [Hamilton App. Nos. C-790761, 790762, 790763], 19 O.Op.3d 349, 1980 Ohio App. LEXIS 10041, the more appropriate standard to apply is whether the defendant was 'in the service of' the employer.
>
> The plaintiff's argument construes the defendant's activity too narrowly. The defendant was leaving work. * * * The defendant was on [the employer's] premises and in the process of leaving work. As such, he was a fellow employee._
>
> * * *
>
> [Moreover,] in *Donnelly v. Herron*, 88 Ohio St.3d 425, 2000-Ohio- 372, 727 N.E.2d 882, the Ohio Supreme Court determined that co-employee immunity applied where a worker backed his automobile into a co-worker as he was exiting the employer's parking lot. The court stated:
>
> * * *
>
> nothing more is required of the employee seeking immunity to be "in the service of" the employer than is required of the injured employee in obtaining

compensation coverage. In addition, any employee who seeks workers' compensation benefits must be in the service of a qualifying employer, and if we held that a co-employee is not in the service of a qualifying employer while driving in the employer's parking lot on his way to and from work, we would put in serious jeopardy the rights of an entire class of injured claimants who seek workers" compensation benefits under similar circumstances.

*Kobak* at ¶ 15, 17.

{¶16} With regard to the injury occurring in the course of and arising out of the plaintiff's employment, this court noted that as a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the workers' compensation fund because the requisite causal connection between the injury and the employment does not exist. *Kobak*, 8th Dist. Cuyahoga No. 94764, 2011-Ohio-13, at ¶ 19, citing *MTD Prod., Inc. v. Robatin*, 61 Ohio St.3d 66, 572 N.E.2d 661 (1991)._ This court noted, however, that this general rule does not operate as a complete bar to an employee who is injured commuting to and from work if the injury occurs within the "zone of employment." *Id.* at ¶ 20, citing *MTD Prod.* This is "'the place of employment and the area thereabout, including the means of ingress thereto *and egress therefrom*, under control of the employer.'" (Emphasis sic.) *Marlow v. Goodyear Tire & Rubber Co.*, 10 Ohio St.2d 18, 225 N.E.2d 241 (1967), quoting *Merz v. Indus. Comm.*, 134 Ohio St. 36, 15 N.E.2d 632 (1938).

{¶17} In applying *Kobak* to the instant case, we answer both questions in the affirmative. First, the injury was caused by another employee. There is no dispute that both Houston and Morales were co-employees at Hose Master, and Houston was injured as a result of the accident. Second, the injury occurred in the course of and arising out of Houston's employment. There is no dispute that Houston was awarded workers' compensation benefits for the injuries he sustained from the accident with Morales. Accordingly, the trial court properly determined that

the fellow employee immunity statute applied to the instant case.

{¶18} Therefore, the first, second, and third assignments of error are overruled.

{¶19} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR