[Cite as *Bank of New York Mellon v. Zayed*, 2020-Ohio-4058.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

BANK OF NEW YORK MELLON,  :

    Plaintiff-Appellee,  :

                                      No. 108623

    v.  :

NADIA ZAYED, ET AL.,  :

    Defendants-Appellants.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  August 13, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-869601

---

### *Appearances:*

Laura C. Infante and Ashley E. Mueller, *for appellee.*

Herman Law, L.L.C., and Edward F. Herman, *for appellants.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendants-appellants, Nadia and Mahmoud Zayed, bring the instant appeal challenging the trial court's judgment in a foreclosure action commenced by plaintiff-appellee, Bank of New York Mellon fka[1] Bank of New York, as Trustee

---

[1] Formerly known as.

for the Certificateholders CWABS, Inc., Asset-Backed Notes, Series 2006-SD3 (hereinafter "Bank of New York Mellon"). Appellants argue that the trial court erred by granting summary judgment in favor of Bank of New York Mellon because genuine issues of material fact existed regarding whether Bank of New York Mellon has standing to bring the foreclosure action. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} On January 26, 2001, appellants, as borrowers, executed a promissory note to America's Wholesale Lender, as lender, in the amount of $273,600. The promissory note was secured by a mortgage executed on January 26, 2001, by appellants for the property at issue, located at 27725 Hilliard Boulevard, Westlake, Ohio 44145. The mortgage listed appellants as borrowers, and identified Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender, America's Wholesale Lender.

{¶ 3} In February 2003, the mortgage was assigned from MERS to "Bank of New York, As Trustee, c/o Countrywide Home Loans, Inc." A "corrective assignment of mortgage" was recorded in July 2008. Under the corrective assignment, the mortgage was assigned from MERS as nominee for America's Wholesale Lender to Bank of New York, as Trustee. In July 2008, the mortgage was assigned from Bank of New York, as Trustee, to plaintiff-appellee, "Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-[B]acked [N]otes, Series 2006-SD3."

{¶ 4} Appellants entered into a loan adjustment agreement in January 2014 with Bayview Loan Servicing, L.L.C. ("Bayview"), Bank of New York Mellon's authorized loan servicing agent. At the time, the unpaid principal balance due on the note was $263,779.51. Under the adjustment agreement, appellants' unpaid principal balance was increased by $284,058.30, for a new total unpaid principal balance due of $547,637.81. The adjustment agreement also reduced the annual interest rate to 4.25 percent.

{¶ 5} In October 2015, appellants defaulted on their loan. Appellants did not make the required monthly payment on October 1, 2015, and have not made any subsequent payments.

{¶ 6} On September 26, 2016, Bank of New York Mellon initiated a foreclosure action, filing a complaint "for money judgment, foreclosure, and other equitable relief" against appellants.[2] Bank of New York Mellon demanded judgment against appellants on the promissory note "for the sum of $540,516.48 together with interest accruing on the sum of $375,619.23 at the rate of 4.25% per annum from September 1, 2015[.]"

{¶ 7} On November 11, 2016, appellants filed a motion for leave to file an answer and an answer. In their answer, appellants did not challenge the validity

---

[2] Bank of New York Mellon also filed its complaint against the following defendants that are not involved in the instant appeal: Citizens Bank, State of Ohio Department of Taxation, The United States of America/Attorney General (Washington, DC), and The United States of America/District Attorney (Cleveland, OH).

of the assignment of the note and mortgage to Bank of New York Mellon nor assert that Bank of New York Mellon lacked standing to initiate foreclosure proceedings.

{¶ 8} In March 2017, the trial court stayed discovery and motion practice and referred the case to mediation. The trial court scheduled a mediation hearing in June 2017. The parties were unable to resolve the foreclosure dispute through mediation. The stay on discovery and motion practice was lifted, and the case was returned to a magistrate for further proceedings.

{¶ 9} On January 9, 2018, Bank of New York Mellon filed a motion for summary judgment. Therein, Bank of New York Mellon argued that it was entitled to judgment as a matter of law because appellants' failure to make the required monthly payments between March 2001 and February 2016 constituted a breach of the note and mortgage, Bank of New York Mellon is entitled to enforce the note and mortgage, and the unpaid balance of the note had matured. In support of its summary judgment motion, Bank of New York Mellon submitted an affidavit of attorney Ted Humbert, an affidavit of Bayview Loan Servicing Agent Keli Smith, copies of the promissory note and mortgage, and copies of the assignments of the note and mortgage. The promissory note was endorsed in blank.

{¶ 10} Appellants filed a brief in opposition to Bank of New York Mellon's summary judgment motion on February 8, 2018. Therein, appellants argued, in relevant part, that genuine issues of material fact existed regarding (1) Bank of New York Mellon's status as holder of the mortgage based on a break in the chain of assignments of the note and mortgage, (2) the validity of the assignment of the

note and mortgage to Bank of New York Mellon, and (3) whether the entity for which Bank of New York Mellon is trustee, CWABS, Inc., Asset-Backed Notes, Series 2006-SD3, legally exists.

{¶ 11} Regarding the first purported issue of material fact, appellants argued that the entity that assigned the mortgage to Bank of New York Mellon, Bank of New York, as Trustee, did not exist: "[Bank of New York, as Trustee] is a facially incomplete description, as no trust is named. No such entity can exist, as a trustee only acts as such for a particular trust. The chain of assignments is thus prima facie broken by the insertion of a non-existent and incognizable assignor/assignee." Appellants' brief in opposition at 6. Regarding the second purported issue of material fact, appellants alleged that the assignment of the note and mortgage from Bank of New York, as Trustee, to Bank of New York Mellon was "void ab initio because assignment is a nullity under the law, as the assignor [Bank of New York, as Trustee] has no legal existence." Appellants' brief in opposition at 7.

{¶ 12} Regarding the third purported genuine issue of material fact, appellants emphasized that "CWABS, Inc. Asset-Backed *Notes*, Series 2006-SD3" was not listed in the United States Securities and Exchange Commission's Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR"). (Emphasis added.) Appellants acknowledged that a "similarly-named entity — CWABS Asset-Backed *Certificates*, Series 2006-SD3" was listed in EDGAR. (Emphasis added.) Appellants asserted, without citing to any authority, that "[m]ortgage

securitization trusts must register or list with the United States Securities and Exchange Commission."

{¶ 13} In support of their brief in opposition, appellants attached an affidavit of loan modification specialist Richard Haig and documents obtained from EDGAR. The EDGAR documents revealed that there were no registrants under the name "CWABS Inc. Asset-Backed Notes, Series 2006-SD3."

{¶ 14} Bank of New York Mellon filed a reply brief in support of its summary judgment motion on February 15, 2018. A magistrate held a hearing on June 22, 2018.

{¶ 15} Following the hearing, the magistrate granted Bank of New York Mellon's motion for summary judgment. On June 25, 2018, the magistrate issued a decision with findings of fact and conclusions of law. The magistrate issued a revised decision with findings of fact and conclusions of law on September 7, 2018. Therein, the magistrate found that Bank of New York Mellon possesses the original note and attached a true and accurate copy of the original note to its complaint. The magistrate determined that "the last assignee is now known as Bank of New York Mellon, and that the Plaintiff entitled to enforce the note and mortgage is properly named as, 'Bank of New York Mellon fka Bank of New York as Trustee for Certificateholders CWABS, Inc. Asset-Backed Notes, Series 2006-SD3.'" The magistrate acknowledged that appellants were not precluded from challenging whether Bank of New York Mellon was the holder of the note and mortgage or challenging the validity of the assignments of the note and mortgage to Bank of

New York Mellon. However, the magistrate concluded that appellants "have not presented or pointed to evidence in this case that raises a genuine issue for trial."

{¶ 16} Appellants filed objections to the magistrate's revised decision on September 20, 2018. Therein, appellants argued, in relevant part, that a genuine issue of material fact exists regarding whether or not Bank of New York Mellon's trust (CWABS, Inc., Asset-Backed Notes, Series 2006-SD3) exists. Referencing the search results obtained from EDGAR, appellants asserted that "[i]f [Bank of New York Mellon's] trust does not exist, neither does [Bank of New York Mellon]." Appellants' objections at p. 5.

{¶ 17} Bank of New York Mellon filed a brief in opposition to appellants' objections on September 27, 2018. Therein, Bank of New York Mellon argued, in relevant part, that (1) appellants failed to identify any authority in support of their assertion that Bank of New York Mellon or Bank of New York Mellon's trust must register with the SEC or be listed in EDGAR, and (2) whether Bank of New York Mellon or the trust are registered with the SEC and listed in EDGAR is irrelevant to the issue of Bank of New York Mellon's standing to commence foreclosure proceedings.

{¶ 18} On May 8, 2019, the trial court issued its judgment entry overruling appellants' objections and adopting the magistrate's revised decision granting Bank of New York Mellon's motion for summary judgment. The trial court's judgment entry provides, in relevant part,

[Appellants present] no authority to suggest that all or even most mortgage securitization trusts must register with the SEC. It is unreasonable to infer, from the failure of [appellants] to find [Bank of New York Mellon] trust in its search of the SEC's EDGAR system, that the trust, the [Bank of New York Mellon or Bank of New York Mellon's] capacity as trustee, does not exist. The evidence, specifically the affidavit of Keli Smith, which supports [Bank of New York Mellon's] existence, is not contradicted by the affidavit of Richard Haig.

{¶ 19} Appellants filed the instant appeal on May 30, 2019, challenging the trial court's May 8, 2019 judgment.

{¶ 20} On June 21, 2019, appellants filed for bankruptcy pursuant to Chapter 7 in the United States Bankruptcy Court, Northern District of Ohio.[3] Appellants filed a "notice of bankruptcy filing and suggestion of stay" in this court on June 24, 2019. On June 25, 2019, this court stayed the appeal during the pendency of appellants' bankruptcy action. On September 24, 2019, this court extended the stay to January 7, 2020, due to pending bankruptcy proceedings.

{¶ 21} On November 6, 2019, the bankruptcy court terminated the automatic stay on the property at issue. (Case No. 19-13857) This court returned the appeal to the active docket on November 13, 2019.

{¶ 22} Appellants filed for bankruptcy on February 28, 2020, pursuant to Chapter 13 in the United States Bankruptcy Court, Northern District of Ohio.[4] On March 12, 2020, this court stayed the appeal during the pendency of appellants' second bankruptcy action. Additionally, on April 13, 2020, pursuant to the state

---

[3] Case No. 19-13857.
[4] Case No. 20-11118.

of emergency declared by the Governor and the COVID-19 pandemic, this court stayed all foreclosure cases until May 31, 2020.

{¶ 23} Appellants' second bankruptcy action (Case No. 20-11118) was dismissed on April 17, 2020. This court returned the appeal to the active docket on June 4, 2020.

{¶ 24} In this appeal, appellants assign one error for review:

I. The trial court erred in granting summary judgment when uncontroverted affiant testimony and accompanying public records evidence indicated that plaintiff does not exist and therefore is neither a real party interest nor has standing to bring the action.

## II. Law and Analysis

### A. Summary Judgment

{¶ 25} In their sole assignment of error, appellants argue that the trial court erred in adopting the magistrate's revised decision and granting summary judgment in favor of Bank of New York Mellon in Bank of New York Mellon's foreclosure action.

### 1. Standard of Review

{¶ 26} Summary judgment, governed by Civ.R. 56, provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial. In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party."

*Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

{¶ 27} The moving party has the initial responsibility of establishing that it is entitled to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

{¶ 28} Once the moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the burden shifts to the nonmoving party to put forth evidence demonstrating the existence of a material issue of fact that would preclude judgment as a matter of law. *Dresher* at *id.* In order to meet his or her burden, the nonmoving party may not merely rely upon allegations or denials in his or her pleadings, and must set forth specific facts, by affidavit or as otherwise provided in Civ.R. 56(E), demonstrating the existence of a genuine issue of material fact for trial. *See Houston v. Morales*, 8th Dist. Cuyahoga No. 106086, 2018-Ohio-1505, ¶ 7, citing *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Dresher* at *id.*

## 2. Standing

{¶ 29} As an initial matter, we note that appellants do not dispute that they breached the note and mortgage by failing to make the requisite monthly payments and that they defaulted on the loan. The record reflects that as of December 2017, appellants' loan had been, and remained in default. At that time, the unpaid principal balance due on appellants' loan was $540,516.48 together with interest accruing on the sum of $375,619.23 at the annual rate of 4.25 percent from September 1, 2015.

{¶ 30} Rather, appellants dispute whether Bank of New York Mellon has standing to initiate foreclosure proceedings. Appellants argue that the trial court erred by granting summary judgment in favor of Bank of New York Mellon because genuine issues of material fact exist regarding whether Bank of New York Mellon has standing to bring the foreclosure action, whether Bank of New York Mellon is a real party in interest, and whether Bank of New York Mellon legally exists. Appellants appear to allege that Bank of New York Mellon lacks standing because one of the entities in the chain of assignments is a fictional entity that does not exist.

{¶ 31} To obtain summary judgment in a foreclosure action, the moving party must present evidentiary quality materials establishing (1) the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been

met; and (5) the amount of principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

{¶ 32} "A note secured by a mortgage is a negotiable instrument that is governed by R.C. Chapter 1303." *JP Morgan Chase Bank v. Stevens*, 8th Dist. Cuyahoga No. 104835, 2017-Ohio-7165, ¶ 37, citing *Wells Fargo Bank, N.A. v. Carver*, 2016-Ohio-589, 60 N.E.3d 473, ¶ 14 (8th Dist.). Under R.C. 1303.31(A), three "persons" are entitled to enforce an instrument: (1) the holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument under R.C. 1303.38 or 1303.58(D). R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

{¶ 33} As noted above, the promissory note Bank of New York Mellon submitted in support of its motion for summary judgment was endorsed in blank. Pursuant to R.C. 1303.25(B), when an instrument is endorsed in blank, it is payable to the bearer. *Stevens* at ¶ 37.

{¶ 34} In order to properly invoke the jurisdiction of the trial court, a plaintiff in a foreclosure action must have standing at the time plaintiff files the complaint. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41-42. The plaintiff-lender must establish it

was the holder of the note or a party entitled to enforce the note at the time the complaint was filed. *Portage Cty. Commrs. v. O'Neil*, 11th Dist. Portage No. 2013-P-0066, 2015-Ohio-808, ¶ 13, citing *Schwartzwald* at ¶ 3. If the plaintiff's interest did not exist at the time of the filing of the foreclosure complaint, the plaintiff does not have standing to proceed with the foreclosure action. *Schwartzwald* at ¶ 25-27.

{¶ 35} In granting Bank of New York Mellon's motion for summary judgment, the trial court concluded that appellants failed to present any evidence that created a genuine issue of material fact regarding the validity of the assignments of the note and mortgage to Bank of New York Mellon and whether Bank of New York Mellon was the holder of the note and mortgage. Furthermore, the trial court emphasized that appellants "present[ed] no authority to suggest that all or even most mortgage securitization trusts must register with the SEC."

{¶ 36} After reviewing the record, we find no basis upon which to conclude that the trial court erred in granting summary judgment in favor of Bank of New York Mellon.

{¶ 37} In support of its motion for summary judgment, Bank of New York Mellon submitted (1) a copy of the original promissory note, (2) a copy of the recorded mortgage, (3) a copy of the recorded assignment of the mortgage to Bank of New York Mellon in 2008, (4) a copy of appellants' 2014 loan adjustment agreement with Bayview, (5) appellants' mortgage account records, including "loan history statements" submitted by Bank of America with a notice date in August

2012,[5] and "customer account activity" statements between October 2012 and January 2017, and (6) a "notice of default and intent to accelerate" letter sent from Bayview to appellants in May 2016. Bank of New York Mellon also submitted an affidavit of Keli Smith, loan servicing agent with Bayview.

{¶ 38} Smith averred that from at least September 2016, when Bank of New York Mellon filed its complaint, Bank of New York Mellon "has been in the possession of the original promissory Note" and that the promissory note Bank of New York Mellon attached to its complaint and motion for summary judgment was "a true and accurate copy of the original Note[.]" Smith confirmed that Bank of New York Mellon attached a true and accurate copy of the original recorded mortgage to its motion for summary judgment. Smith averred that the assignments of the mortgage that Bank of New York Mellon attached to its motion for summary judgment were true and accurate copies of the assignments. Finally, Bank of New York Mellon submitted an affidavit of its attorney Ted Humbert. Humbert averred, in relevant part, that he spoke with Smith and that Smith "confirmed the factual accuracy of [Bank of New York Mellon's complaint] as [the complaint relates] to the records of [appellants'] loan[.]"

{¶ 39} In light of this evidence, Bank of New York Mellon met its initial burden of demonstrating that it was entitled to summary judgment — Bank of New York Mellon possessed the original note and is the record holder of the mortgage,

---

[5] Bank of America was servicing appellants' loan before the loan was transferred to Bayview.

and as such, is entitled to enforce the note through its foreclosure action. Appellants acknowledge that Smith's affidavit "authenticate[d] the documents generally requisite for foreclosure: promissory note; mortgage, mortgage assignments, and loan modification; mortgage loan account records, and; acceleration letter." Appellants' brief at 4. The burden then shifted to appellants to demonstrate the existence of genuine issues of material fact for trial.

{¶ 40} As noted above, in opposing Bank of New York Mellon's motion for summary judgment, appellants argued that genuine issues of material fact existed regarding (1) Bank of New York Mellon's status as holder of the mortgage based on a break in the chain of assignments of the note and mortgage, (2) the validity of the assignment of the note and mortgage to Bank of New York Mellon, and (3) whether the entity for which Bank of New York Mellon is trustee, CWABS, Inc. Asset-backed notes, Series 2006-SD3, legally exists.

{¶ 41} Regarding the existence of the trust, appellants emphasized that "CWABS, Inc. Asset-Backed Notes, Series 2006-SD3" was not listed in EDGAR. Appellants argued, without citation to any legal authority, that "[m]ortgage securitization trusts must register or list with the [SEC]."

{¶ 42} In support of their brief in opposition, appellants attached an affidavit of loan modification specialist Richard Haig. In his affidavit, Haig averred that he conducted research in EDGAR in November 2017 to gather information regarding appellants' loan. Haig did not find the entity "CWABS Inc. Asset-Backed Notes Series 2006-SD3" listed in EDGAR. Haig conducted other searches in

EDGAR, including a search for entities under the name "CWABS," and the results of these searches were attached to appellants' brief in opposition. Appellants also submitted the documents pertaining to Haig's EDGAR searches.

{¶ 43} After reviewing the record, we find that appellants failed to meet their burden of demonstrating the existence of a genuine issue of material fact that remained for trial.

{¶ 44} As was the case in opposing Bank of New York Mellon's motion for summary judgment, appellants fail to identify any legal authority that states mortgage securitization trusts must register with the SEC or be listed in EDGAR — much less that an assignment of a note and mortgage is invalidated if an entity that failed to register with the SEC or is not listed in EDGAR is in the chain of assignments. *See* App.R. 16(A)(7). Appellants have failed to demonstrate how the registration issue is in any way relevant to whether appellants defaulted on their mortgage (an issue not in dispute) and whether the note and mortgage were assigned to Bank of New York Mellon, such that Bank of New York Mellon is entitled to commence foreclosure proceedings.

{¶ 45} Appellants' brief in opposition to Bank of New York Mellon's motion for summary judgment provides, in relevant part, "[appellants do] not raise the specter of fraud between [Bank of New York Mellon] and Bank of New York, as Trustee. [Appellants are] not arguing that a court of equity should somehow protect [them] because the banks dealt falsely with each other [in regards to the note, mortgage, or transfer thereof]." Appellants have failed to demonstrate, and

we are unable to discern, how the failure to register with the SEC or be listed in EDGAR, without more, has any relevance to Bank of New York Mellon's standing to commence foreclosure proceedings or affects the validity of the assignments of the note and mortgage to Bank of New York Mellon.

{¶ 46} It is the appellants' burden to demonstrate error on appeal with citation to supporting legal authority. Although appellants claim Bank of New York Mellon lacks standing because an entity in the chain of assignments, the trust, was not registered with the SEC or listed in EDGAR, appellants failed to cite any legal authority in support of their claim as required by App.R. 16(A)(7). *See Taylor-Stephens v. Rite Aid of Ohio*, 8th Dist. Cuyahoga No. 106324, 2018-Ohio-4714, ¶ 120-122.

{¶ 47} Appellants' standing and real party in interest arguments are based entirely on the presumption that in order to "legally exist" for purposes of having standing and being a real party in interest in a foreclosure action, the party must be registered with the SEC or listed in EDGAR. Appellants have failed to identify any legal authority that supports this presumption or stands for this proposition.

{¶ 48} Appellants' standing and real party in interest arguments are also based entirely on the presumption that "CWABS, Inc. Asset-backed notes, Series 2006-SD3" was not listed in EDGAR because the entity did not, in fact, legally exist, rather than, as Bank of New York Mellon suggests, the entity existed but had not, or was not required to register with the SEC. Appellants' presumption is entirely speculative.

{¶ 49} "'Mere speculation and unsupported conclusory assertions are not sufficient' to meet the nonmovant's reciprocal burden under Civ.R. 56(E) to withstand summary judgment." *Wilmington Trust N.A. v. Boydston*, 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, ¶ 31, quoting *Loveday v. Essential Heating, Cooling & Refrigeration, Inc.*, 4th Dist. Gallia No. 08CA4, 2008-Ohio-4756, ¶ 9. Appellants' belief that "CWABS, Inc. Asset-backed notes, Series 2006-SD3" was not listed in EDGAR because the entity did not legally exist and Haig's assertion that he did not find the entity "CWABS Inc. Asset-Backed Notes Series 2006-SD3" listed in EDGAR, without more, are insufficient to create a genuine issue of material fact to defeat summary judgment.

{¶ 50} Appellants' standing and real party in interest arguments also fail on the merits. "[T]he law in this district provides that a mortgagor lacks standing to challenge a mortgage assignment if the mortgagor is neither a party to, nor a third-party beneficiary of, the assignment of the mortgage." *Stevens*, 8th Dist. Cuyahoga No. 104835, 2017-Ohio-7165, at ¶ 40, citing *Everbank v. Katz*, 8th Dist. Cuyahoga No. 100603, 2014-Ohio-4080, ¶ 8, *Bank of N.Y. Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17, and *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35.

{¶ 51} In the instant matter, Bank of New York Mellon attached to its summary judgment motion a copy of the assignments of the mortgage from (1) MERS as nominee for America's Wholesale Lender to Bank of New York, as Trustee, and (2) Bank of New York, as Trustee, to Bank of New York Mellon.

Appellants are neither parties to, nor third-party beneficiaries of these assignments. Appellants do not claim how they were injured as a result of these assignments. Accordingly, appellants lack standing to challenge the assignments of the mortgage to Bank of New York Mellon or the circumstances under which the assignments were created. *See Stevens* at ¶ 41.

{¶ 52} Additionally, appellants' contention that the mortgage was improperly assigned to Bank of New York Mellon is irrelevant because under Ohio Law, "the mortgage 'follows the note' it secures." *Stevens* at ¶ 42, quoting *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 65, citing *U.S. Bank N.A. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.). An assignment of a mortgage does not alter the obligations of appellants, as borrowers, under the note or mortgage. *See Unger at* ¶ 35.

{¶ 53} As noted above, the promissory note was endorsed in blank. Because the note was endorsed in blank, "defenses relating to chain of title are null and inapplicable, because it is immaterial how the person became the holder of the note." *Bank of Am., N.A. v. Farris*, 2015-Ohio-4980, 50 N.E.3d 1043, ¶ 27 (8th Dist.), citing *Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574. *Accord U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 108526, 2020-Ohio-32, ¶ 19.

{¶ 54} Finally, we note that the same challenge raised by appellants in this appeal disputing the existence of a securitized trust within the chain of assignments was rejected in *Bank of New York Mellon v. Williams*, 10th Dist.

Franklin No. 13AP-499, 2014-Ohio-3737. In that case, the court concluded that "the attorney's failure to find a listing for the trust is not evidence that it does not exist." *Id.* at ¶ 11. In any event, in *Bank of N.Y. Mellon v. Lewis*, Franklin C.P. No. 12CV000612, 2012 Ohio Misc. LEXIS 6101 (Apr. 12, 2012), the court's opinion granting foreclosure referenced the existence of "CWABS, Inc. Asset-Backed Notes, Series SD-3 to The Bank of New York Mellon" as a former name for "CWABS Inc., Asset-Backed Certificates, Series 2006-SD3[.]"

{¶ 55} For all of the foregoing reasons, and viewing the evidence in favor of appellants as the nonmoving party, we find that there are no genuine issues of material fact that existed for trial. The trial court properly granted summary judgment in favor of Bank of New York Mellon in the foreclosure action.

{¶ 56} Appellants' sole assignment of error is overruled.

{¶ 57} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR